**MICHELLE CORP., d/b/a Michelle's, Relator,**

v.

**The Honorable Ward KOEHLER, Judge, 168th Judicial District Court of El Paso County, Texas, and El Paso Retailers Association, Inc., Respondents.**

No. 08–81–00100A–CV.

Court of Appeals of Texas, El Paso.

Oct. 28, 1981.

Guevara, Rebe & Baumann, Sal Rebe, El Paso, for relator.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, Frank Feuille, IV and Stuart R. Schwartz, Ward Koehler, Judge 168th Dist. Court, El Paso, for respondents.

Before STEPHEN P. PRESLAR, C. J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an original proceeding for writ of prohibition brought under Rule 383, Tex.R. Civ.P., to prohibit the Court below from enforcing a temporary injunction, and a subsequent order of contempt thereunder, while the appeal of the interlocutory order granting the temporary injunction is on appeal. The Relator is the Defendant below. The Respondents are the Plaintiff below and the trial Judge who granted the temporary injunction. The Respondent, El Paso Retailers Association, Inc., filed a brief and presented arguments asserting two reply points.

The temporary injunction was signed and entered by the Court below on September 2, 1981, and provided in pertinent part that "Defendant, Michelle Corp., d/b/a Michelle's, may suspend the execution of judgment by giving a good and sufficient bond to be approved by the Clerk, payable to El Paso Retailers Association, Inc., in the amount of $2,500.00, and costs," and is conditioned in accordance with Rule 364, Tex. R.Civ.P. The granting of supersedeas was discretionary with the Court below pursuant to Rule 385(f), Tex.R.Civ.P.

Such discretion having been exercised and considering the wording of the order itself, Respondent's reply point one to the effect that the supersedeas bond did not have as its purpose the suspension of the effect of the temporary injunction, should be, and the same is, overruled.

Both the certificate in lieu of appeal bond and certificate in lieu of supersedeas bond were duly filed and approved by the Clerk on September 4, 1981, in accordance with the order granting the temporary injunction. The transcript was filed on September 22, 1981. On September 24, 1981, the Court below held a contempt hearing, found the Relator in contempt and assessed a fine of $15,140.00. The statement of facts was filed on September 29, 1981.

Rule 363, Tex.R.Civ.P., states in part that "the appeal is perfected when the bond, or affidavit in lieu thereof, has been filed or made . . ." Rule 385(d), Tex.R.Civ.P., specifically in regard to accelerated appeals, provides that bond or affidavit in lieu thereof, together with the *record* (emphasis provided), shall be filed with the appellate Court within 30 days after the judgment or order is signed.

It would appear that if record means both the transcript and statement of facts and that both need be filed prior to the appellate Court being vested with jurisdiction, as contended by Respondent, then the Court below still had jurisdiction on September 24, 1981, at the time of the contempt hearing. We believe otherwise.

In *Ex parte Browne*, 543 S.W.2d 82 (Tex. 1976), the Supreme Court stated that jurisdiction over interlocutory orders was not vested in the Court of Civil Appeals until an appeal bond was filed and the record was timely filed. The Court, at page 84, states that the record was filed on October 20 and at page 86 that the transcript was filed on October 20, using the words record and transcript interchangeably. No mention is made of the statement of facts. Similarly in *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956 (1943), that Court uses the words transcript and record interchangeably when applying our earlier version of our present Rule 385, Tex.R.Civ.P. That Court recites at page 958, that the then Rule 385 had been preceded by Revised Statutes, Article 4662, which in part provided that in instances of the granting or refusing of a temporary injunction, the aggrieved party "... may appeal by filing the *transcript* (emphasis provided) in such case with the Clerk of said appellate Court."

In *Oldaker v. Lock Construction Company*, 528 S.W.2d 71, 75–76 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.), the Court states that "it is well settled that timely filing of the transcript confers jurisdiction on the Court of Civil Appeals ... even if the statement of facts is never filed. The filing of the statement of facts is not jurisdictional.... it was the timely filing of the transcript that invoked appellate jurisdiction." Although *Oldaker* is not an accelerated appeal case, there appears to be no logical basis to apply a different rule.

It appears clear that it was not the intention of the rules to make the filing of a statement of facts a condition precedent to the vesting of jurisdiction. The wording of a portion of present Rule 385(d), Tex.R.Civ.P., is to this effect, "Failure to file ... the record within the time specified, unless reasonably explained, shall be ground for dismissal or affirmance under Rule 387, Tex.R.Civ.P., but shall not affect the Court's jurisdiction or its authority to consider material filed later.

Further, Rule 371, Tex.R.Civ.P., provides that the record on appeal shall consist of the transcript and where necessary to the appeal, a statement of facts. Rule 371(b), Tex.R.Civ.P., in regard to the statement of facts, further provides that "all matters not essential to the decision of the questions on appeal shall be omitted."

We hold that the appeal was perfected and that this Court had jurisdiction on September 22, 1981, when the transcript was filed and that the Court below was without jurisdiction to conduct the contempt proceeding on September 24, 1981. The Petition for Writ of Prohibition should be granted. Respondent's reply point two, to the effect that Relator had not perfected its appeal, at or prior to the time the order of contempt was rendered, is overruled.

We assume that the trial Judge will abide by this decision and the writ will issue only upon his failure to abide therewith.