SAFEGUARD SECURITY
SERVICE, INC., Relator,

v.

Mark H. MILLER, et al., Respondents.

No. 04–83–00064–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 10, 1984.

Thomas H. Crofts, Jr., Ann Livingston, Timothy Palton, Groce, Locke & Hebdon, San Antonio, for respondents.

Keith E. Kaiser, Mike T. Farrell, Cox & Smith, San Antonio, for relator.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

ORIGINAL CONTEMPT PROCEEDING
ON RESPONDENT MARK H.
MILLER'S MOTION FOR REHEARING

CADENA, Chief Justice.

The motion for rehearing filed by Respondent, Mark H. Miller, is granted. Our previous opinion holding respondent, Mark H. Miller, in contempt is withdrawn and the following is filed as the opinion of this Court.

Our cause number 04–82–00022–CV, styled Safeguard Security Service, Inc. v. Executive Armoring Corp., Inc., was an appeal from an order of a district court issuing a temporary injunction. The subject matter of that litigation and the nature of the injunction issued by the trial court are irrelevant to the determination of this case. In that case, because of the nature of some of the evidence presented to the trial court, the trial judge issued an order sealing certain portions of the record and providing that such sealed portions could be inspected only by the parties to that litigation and their attorneys. After this Court had acquired jurisdiction of the appeal involving the validity of the temporary injunction, Safeguard Security Service, Inc., appellant in that case and relator in this case, filed this proceeding seeking to have Mark H. Miller and others held in contempt for violating the seal order. Relator alleged that Mark H. Miller, who was not counsel for any party in No. 04–82–

00022–CV, had, with knowledge of the seal order, obtained copies of the sealed portions of the record and had transmitted such copies to his client, who was not a party to the injunction proceedings.

After this Court acquired jurisdiction of the appeal challenging the validity of the temporary injunction, exclusive power to punish for violation of such injunction was lodged in this Court. *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983). After our jurisdiction attached, this was the only Court "clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal, as well as to enforce its own final judgment, unless or until such judgment was subjected to review by a higher court." *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487, 489 (1934).

However, Miller was not charged with violation of the temporary injunction. The alleged contempt consisted of violation of the order of the trial court sealing portions of the record in No. 04–82–00022–CV. The question of the validity or invalidity of such order was never before us, nor did we have any discretion relative to compelling obedience to such order. The seal order was entirely separate from the temporary injunction and was based on considerations completely irrelevant to the validity of the injunction. Since the validity of the seal order was not before us and questions concerning its enforcement could in no way affect our determination concerning the validity of the temporary injunction or the enforcement of any judgment rendered concerning the validity of the injunction, the trial court retained full control of the seal order. Such control included the power to amend, modify or set aside the order, as well as the power to punish for its violation. No action by the trial court concerning the seal order could possibly be viewed as an interference with our power to adjudicate the validity of the temporary injunction. Questions concerning the validity of the seal order could be considered by this Court only to the extent that such questions might be essential to an adjudication concerning the validity of the injunction. *State of Texas v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971).

Since we have concluded that we lack jurisdiction to punish for the alleged violation of the order of the trial court sealing portions of the record in Cause No. 04–82–00022–CV, these contempt proceedings are dismissed.