John GANO, Stephen M. Gano, and
Gano & Donovan, P.C., Relators,

v.

The Honorable Hector VILLARREAL,
Judge of the 275th Judicial District
Court of Hidalgo County, Texas, Respondent.

No. 13–88–046–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1988.

John Gano, Stephen M. Gano, Gano & Donovan, P.C., Houston, for relators.

Rose Marie Guerra Reyna, Lewis, Pettitt & Skaggs, McAllen, Katie Pearson Klein, Pharr, for respondent.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Relators seek a writ of prohibition prohibiting the holding of a hearing on a motion to show cause why they should not be

held in contempt of court. We conditionally grant the writ.

The cause of action in which the motion for contempt was filed, Cause No. 13–87–504–CV, Billy E. Callaway, et al. v. Langdon L. Barber, et al., is presently on appeal in this Court.

The record presently before us shows that on August 24, 1987, in Cause No. 13–87–504–CV, respondent entered an Order on Motions for Sanctions in which, among other orders, he ordered relators to pay $1,820.50 to Langdon L. Barber and Langdon Barber Groves, Inc. no later than 5:00 p.m. on September 15, 1987. Langdon L. Barber and Langdon Barber Groves, Inc. are the appellees in Cause No. 13–87–504–CV, and are the real parties in interest in this case. The propriety of the order of August 24, 1987, is the subject of the appeal in Cause No. 13–87–504–CV.

After the appeal in Cause No. 13–87–504–CV had been perfected, the real parties in interest filed a motion with respondent, requesting that relators show cause why they should not be held in contempt of Court for failing to make the payment as ordered. Respondent set the show cause hearing for February 8, 1988. Relators filed the present action seeking to prevent the hearing.

The real parties in interest have not favored this Court with a reply to the request for writ of prohibition or with a brief of the issues presented by relators.

■ Under Tex.Const. art. V, § 6 and Tex.Gov.Code Ann. § 22.221 (Vernon Pamphlet 1987) this Court has jurisdiction to issue writs of prohibition to protect its jurisdiction. The writ of prohibition is an extraordinary judicial writ that a court of appeals, as a court of special superior jurisdiction, may direct to a court of inferior jurisdiction. *Humble Exploration Co. v. Walker*, 641 S.W.2d 941 (Tex.App.—Dallas 1982, original proceeding).

■ The writ of prohibition as used in Texas has three functions: preventing interference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts, and prohibiting trial court's action when it affirmatively appears that the court lacks jurisdiction. *Humble Exploration Co.*, 641 S.W.2d at 943; *Smith v. Grievance Committee of the State Bar of Texas for District 14–A*, 475 S.W.2d 396 (Tex.Civ.App.—Corpus Christi 1972, original proceeding). One of the purposes for which a writ of prohibition may be used is to prevent a court from exercising jurisdiction which it has not lawful right to exercise. *Soto–Ruphuy v. Yates*, 687 S.W.2d 19 (Tex.App.—San Antonio 1984, original proceeding); *Smith*, 475 S.W.2d at 399.

In *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983), our Supreme Court determined that a trial court does not retain the jurisdiction to conduct contempt proceedings after that order has been appealed. *See also Safeguard Security Service, Inc. v. Miller*, 679 S.W.2d 699 (Tex.App.—San Antonio 1984, no writ); *Katin v. City of Lubbock*, 655 S.W.2d 360 (Tex.App.—Amarillo 1983, no writ); *Michelle Corp. v. Koehler*, 623 S.W.2d 781 (Tex.App.—El Paso 1981, writ ref'd n.r.e.).

■ The undisputed facts in this case clearly demonstrate that before the entry of the trial court's order of January 29, 1988, setting the show cause hearing, this Court acquired exclusive jurisdiction over the parties and the subject matter covered by that order. This we find to be a proscribed intrusion on the jurisdiction of this Court.

The writ of prohibition is conditionally granted restraining the respondent from holding any contempt proceedings to enforce any orders currently on appeal before this Court. Since we assume that the respondent will comply with this opinion, we direct our clerk not to issue the writ until information is received that the respondent is proceeding in violation of this opinion.

Writ of prohibition conditionally granted.