**OSCAR M. TELFAIR, III,
P.C., Appellant,**

v.

**Merita BRIDGES and Marvin
Bridges, Appellees.**

No. 11–03–00195–CV.

Court of Appeals of Texas,
Eastland.

Feb. 10, 2005.

*Martin K. Eby Constr. Co.,* 841 S.W.2d 426, 428 (Tex.App.-Dallas 1992, writ denied).

Oscar M. Telfair, III, Houston, pro se.

James D. Evans, James D. Evans, III & Associates, Houston, for appellant.

Melvin Houston, Melvin Houston & Associates, P.C., Houston, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion and Order of Contempt

W.G. ARNOT, III, Chief Justice.

 This appeal arises from a fee dispute between a law firm and its former clients. Appellant, Oscar M. Telfair, III, P.C., represented appellees, Merita Bridges and Marvin Bridges, in a suit concerning a defect in the foundation of appellees' home. The law firm obtained a settlement on behalf of appellees in the amount of $86,000.00 to resolve the claim. The law firm alleged in the underlying action that it agreed to represent appellees in pursuing the defective foundation claim on the basis of an oral contingent fee contract.[1] The law firm obtained a recovery against appellees in the amount of $25,638.00 for its services in pursuing the defective foundation claim under the theory of quantum meruit.[2] The law firm also obtained a recovery for its attorney's fees in the amount of $10,250.00 in prosecuting the underlying action to obtain the quantum meruit recovery.

Appellees asserted a counterclaim against the law firm regarding its representation of appellees in an unrelated personal injury claim. Appellees successfully alleged that the law firm misappropriated settlement funds obtained on their behalf in connection with the personal injury claim. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.14, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998 & Supp.2004–2005) (TEX. STATE BAR R. art. X, § 9); *Brown v. Commission for Lawyer Discipline*, 980 S.W.2d 675 (Tex.App.-San Antonio 1998, no pet'n). The jury awarded appellees $2,457.50 on their misappropriation claim. The jury also determined the amount of appellees' reasonable and necessary attorney's fees to be $10,250.00.[3] The trial court awarded $10,250.00 to appellees for their attorney's fees based upon the jury's determination of the amount of attorney's fees.

 On appeal, the law firm attacks the trial court's award of appellees' attorney's fees. The law firm contends in its first issue that no legal basis existed for appellees to recover their attorney's fees for either defending the law firm's quantum meruit claim or prosecuting their misappropriation claim.[4] We agree with the law

1. Section 82.065 of the Government Code expressly provides that contingent fee contracts for legal services must be in writing. TEX. GOV'T CODE ANN. § 82.065(a) (Vernon 1998). An oral contingent fee contract is voidable by the client. *See* TEX. GOV'T CODE ANN. § 82.065(b) (Vernon 1998); *Enochs v. Brown*, 872 S.W.2d 312, 318 (Tex. App.-Austin 1994, no writ).

2. Quantum meruit is an equitable remedy based upon an implied promise to pay for benefits received. *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). To recover in quantum meruit, a claimant must prove (1) valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) which

services and materials were accepted by the person sought to be charged, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Heldenfels Brothers, Inc. v. City of Corpus Christi, supra* at 41.

3. Appellees did not offer evidence segregating the amount of their attorney's fees incurred for defending the law firm's quantum meruit claim from those incurred in prosecuting their claims for affirmative relief.

4. The law firm preserved this alleged error for review by objecting to the submission of a

firm's contention in this regard. As set forth below, the judgment of the trial court is modified and, as modified, is affirmed.

■ As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or by statute. *Dallas Central Appraisal District v. Seven Investment Company*, 835 S.W.2d 75, 77 (Tex.1992). Appellees contend that they are entitled to recover their attorney's fees under an equitable exception to the general rule. They rely upon our opinion in *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836 (Tex.App.-Eastland 1984, no writ), for this proposition. We recognized a recovery of attorney's fees in *Baja Energy* based upon equitable grounds when a claimant is required to prosecute or defend litigation involving a third party as a consequence of the wrongful act of the defendant. *Baja Energy, Inc. v. Ball, supra* at 838–39. As we stated:

> The exception applies when the wrongful act or contractual violation involves the claimant in litigation with third parties and forces the claimant to incur expenses to protect his interests. Such costs and expenses, including attorney's fees, are treated as the legal consequence of the original wrongful act and are permitted to be recovered as damages.

*Baja Energy, Inc. v. Ball, supra* at 839.

■ The exception we recognized in *Baja Energy* is narrow.[5] It only applies when a wrongful act requires the claimant to incur attorney's fees in prior litigation involving a third party. *See Lesikar v. Rappeport*, 33 S.W.3d 282, 306 (Tex.App.-Texarkana 2000, pet'n den'd) ("attorney's fees incurred in prior litigation with a third party are recoverable in a subsequent suit as actual damages"). The exception is inapplicable in the instant appeal because appellees are not seeking attorney's fees which they incurred in prior litigation involving a third party. To the contrary, the attorney's fees they seek are those incurred in the original litigation with the party alleged to have committed the wrongful act.

■ Appellees additionally contend that they are entitled to recover their attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997). To recover attorney's fees under this provision, a party must (1) prevail on a cause of action for which attorney's fees are recoverable under the statute and (2) recover damages. *Green International, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Appellees assert that their claim regarding the alleged misappropriation of settlement funds constituted a claim to recover on an oral contract. *See* Section 38.001. We disagree with this contention. The misappropriation claim is in the nature of a conversion cause of action.[6] Attorney's fees are not recoverable as either actual or exemplary damages on a conversion claim. *Jay Fikes and Associates v. Walton*, 578 S.W.2d 885, 888 (Tex.Civ. App.-Amarillo 1979, writ ref'd n.r.e.). Furthermore, Section 38.001 does not per-

---

jury question regarding appellees' attorney's fees.

5. We note that other courts have declined to recognize the recovery of attorney's fees on equitable grounds which we adopted in *Baja Energy. See Burnside Air Conditioning and Heating, Inc. v. T.S. Young Corporation*, 113 S.W.3d 889, 899 (Tex.App.-Dallas 2003, no pet'n).

6. Conversion occurs when one person makes an unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of or inconsistent with the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.1971).

mit appellees to recover their attorney's fees for defending the law firm's quantum meruit claim. *Howard v. City of Kerrville*, 75 S.W.3d 112, 119 (Tex.App.-San Antonio 2002, pet'n den'd). The law firm's first issue is sustained.

The law firm's second issue addresses a postjudgment order entered by the trial court on June 9, 2003, directing the law firm to return settlement funds to the registry of the trial court. During the pendency of the underlying lawsuit, the trial court entered an order requiring $45,000.00 of the $86,000.00 in settlement proceeds obtained in connection with the defective foundation claim to be deposited into the trial court's registry. After the trial of the underlying suit and the entry of the judgment on May 9, 2003, the trial court entered an order on May 27, 2003, directing the trial court clerk to pay the law firm $39,987.25 from the court's registry. The trial court entered a subsequent order on June 9, 2003, which directed the law firm to pay the amount of $39,987.25 back into the registry of the trial court by June 17, 2003.

The law firm contends on appeal that the trial court was without jurisdiction to enter the challenged order because it was allegedly entered after the law firm filed its notice of appeal. The law firm further asserts that the trial court erred by entering the order without notice to the law firm. Our resolution of the law firm's first issue and the eventual issuance of the mandate in this appeal will effectively render the law firm's second issue moot. Accordingly, we do not address the law firm's second issue on the merits.[7] However, the law firm's compliance with the trial court's order of June 9, 2003, is the subject of a contempt proceeding initiated in this court which remains pending.

### Contempt Findings

Upon the law firm's failure to comply with the trial court's order of June 9, 2003, appellees filed a motion in this court seeking the enforcement of the trial court's order. We granted the relief requested by appellees in our order of September 8, 2003, wherein we ordered the law firm to comply with the terms of the trial court's order of June 9, 2003, by paying the amount of $39,987.25 into the registry of the trial court by September 19, 2003. We specifically advised the law firm that the failure to comply with our order of September 8, 2003, might result in the institution of contempt proceedings.

The law firm did not comply with our order of September 8, 2003, which required compliance with the trial court's order of June 9, 2003. Instead, the law firm filed a motion for reconsideration. The law firm asserted in the motion for reconsideration that the trial court lacked jurisdiction to enter the order of June 9, 2003. The law firm argued that the filing of its notice of appeal on June 9, 2003, divested the trial court of jurisdiction to enter any further orders in the underlying cause. We overruled the law firm's jurisdictional contention in a written order issued on October 2, 2003.[8]

The law firm next filed a motion for rehearing with respect to our denial of the

---

7. We have previously rejected the law firm's jurisdictional contention in previous written orders issued by this court. The law firm has not preserved error with respect to its "lack of notice" contention because the law firm did not present this claim to the trial court for consideration. *See* TEX.R.APP.P. 33.1(a).

8. The law firm filed its initial notice of appeal "[a]fter [h]ours" on June 9, 2003, at 7:03 p.m. Since the notice of appeal was filed after hours, the appellate record does not necessarily establish that the notice of appeal was filed prior to the entry of the order of June 9, 2003. The act of the law firm filing the notice of appeal obviously could not have divested the trial court of jurisdiction to enter the order of

motion for reconsideration. We overruled the motion for rehearing in another written order issued on October 24, 2003. This order specifically directed the law firm to comply with the trial court's order of June 9, 2003. This order further warned the law firm that we would entertain a motion for contempt if it did not comply with the terms of the trial court's order of June 9, 2003, by November 7, 2003.

■ Accordingly, this court issued more than one written order directing the law firm to comply with the terms of the trial court's order of June 9, 2003. We also specifically warned the law firm that its failure to comply with this court's orders could possibly result in contempt proceedings brought against the law firm. However, the law firm did not comply with the orders of this court because the law firm did not deposit the amount of $39,987.25 into the registry of the trial court.

We subsequently issued a "show cause" order on December 5, 2003, directing the law firm's principal officer, Oscar M. Telfair, III, P.C., to personally appear before this court on January 15, 2004, and show cause why the law firm should not be held in contempt for failing to comply with the terms of this court's orders. The show cause order specifically warned the law firm that it could be held in contempt for failing to abide by the terms of this court's orders. The show cause order further warned the law firm that the possible punishment for contempt of court is a fine of not more than $500.00, confinement in jail for a term of not more than six months, or both such fine and confinement. *See* TEX. GOV'T CODE ANN. § 21.002(b) (Vernon 2004).

Prior to the "show cause" hearing conducted on January 15, 2004, the law firm deposited the sum of $13,500.00 into the registry of the trial court. The court proceeded with conducting the "show cause" hearing because the law firm had not fully complied with this court's orders to deposit the amount of $39,987.25 into the registry of the trial court. The law firm appeared at the hearing through its attorney of record and its principal officer. These representatives advised the court at the hearing for the first time that the law firm did not have sufficient funds to pay the full amount of $39,987.25 into the registry of the court. The law firm did not offer any legitimate reason why this information was not previously provided to the court. This

June 9, 2003, if the notice of appeal was filed after the entry of the order.

Moreover, even if the notice of appeal was filed prior to the entry of the order of June 9, 2003, the trial court maintained jurisdiction to enter the order. The trial court entered the final judgment in this cause on May 9, 2003. Therefore, the trial court entered the order of June 9, 2003, while its plenary jurisdiction remained in effect. *See* TEX.R.CIV.P. 4 & 329b(d). The filing of a notice of appeal does not divest the trial court of its plenary jurisdiction. *See* Rule 329b(d) ("The trial court, *regardless of whether an appeal has been perfected,* has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed"). (Emphasis added)

The law firm cited *Gano v. Villarreal*, 745 S.W.2d 586, 587 (Tex.App.-Corpus Christi 1988, orig. proceeding), for the proposition that a trial court is without authority to enter orders after a notice of appeal has been filed. The law firm's reliance on *Gano* was misplaced. *Gano* only held that a trial court does not retain jurisdiction to conduct contempt proceedings with respect to an alleged violation of an order that has been appealed. The trial court's order of June 9, 2003, was not a contempt ruling. Moreover, the holding in *Gano* has effectively been overruled in the Texas Supreme Court's recent opinion in *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex.2004).

court took the issue of holding the law firm in contempt under advisement until the issuance of the opinion and judgment in this appeal.

We find that appellant, Oscar M. Telfair, III, P.C., has failed to comply with two written orders issued by this court on September 8, 2003, and October 24, 2003, directing it to pay the amount of $39,987.25 into the registry of the court pursuant to the trial court's written order of June 9, 2003. We further find that appellant, Oscar M. Telfair, III, P.C., has failed to provide the court with a sufficient reason why it did not comply with this court's written orders issued on September 8, 2003, and October, 24, 2003. As a result of appellant Oscar M. Telfair, III, P.C.'s dilatory conduct, both appellees and this court have been required to expend time and resources on this matter which were unnecessary to resolving the issues on appeal.

### This Court's Ruling

The portion of the trial court's judgment awarding appellees $10,250.00 for their attorney's fees is modified to delete this award. As modified, the trial court's judgment is affirmed.

### Order of Contempt

**NOW, THEREFORE IT IS ORDERED, ADJUDGED AND DECREED** by the Court of Appeals, Eleventh District of Texas, that Oscar M. Telfair, III, P.C. is in contempt and is fined $500.00 to be paid to the Clerk of the Court of Appeals, Eleventh District of Texas, on or before 30 days after mandate has issued.

**IT IS ORDERED** that all writs and other process necessary for the enforcement of this judgment be issued.