11th
Court of Appeals

                                                                  Eastland,
Texas

                                                      Opinion
and Order of Contempt

 

Oscar M. Telfair, III, P.C.

Appellant

Vs.                   No.  11-03-00195-CV -- Appeal from Harris County

Merita Bridges and Marvin Bridges

Appellees

 

This appeal arises from a fee dispute between a
law firm and its former clients. 
Appellant, Oscar M. Telfair, III, P.C., represented appellees,
Merita Bridges and Marvin Bridges, in a suit  concerning a
defect in the foundation of appellees= home. 
The law firm obtained a settlement on behalf of appellees
in the amount of $86,000.00 to resolve the claim.  The law firm alleged in the underlying action
that it agreed to represent appellees in pursuing the
defective foundation claim on the basis of an oral contingent fee contract.[1]  The law firm obtained a recovery against appellees in the amount of $25,638.00 for its services in
pursuing the defective foundation claim under the theory of quantum meruit.[2]  The law firm also obtained a recovery for its
attorney=s fees in
the amount of $10,250.00 in prosecuting the underlying action to obtain the
quantum meruit recovery.








Appellees asserted a
counterclaim against the law firm regarding its representation of appellees in an unrelated personal injury claim.  Appellees
successfully alleged that the law firm misappropriated settlement funds
obtained on their behalf in connection with the personal injury claim.  See TEX. DISCIPLINARY R. PROF=L CONDUCT 1.14,
reprinted in TEX. GOV=T
CODE ANN., tit. 2, subtit.
G app. A (Vernon 1998 & Supp.
2004 - 2005) (TEX. STATE BAR R. art. X, ' 9); Brown
v. Commission for Lawyer Discipline, 980 S.W.2d 675 (Tex.App.
- San Antonio 1998, no pet=n).  The jury awarded appellees
$2,457.50 on their misappropriation claim. 
The jury also determined the amount of appellees= reasonable and necessary attorney=s fees to be $10,250.00.[3]   The trial court awarded $10,250.00 to appellees for their attorney=s
fees based upon the jury=s
determination of the amount of attorney=s
fees.

On appeal, the law firm attacks the trial court=s award of appellees= attorney=s
fees.   The law firm contends in its
first issue that no legal basis existed for appellees
to recover their attorney=s
fees for either defending the law firm=s
quantum meruit claim or prosecuting their
misappropriation claim.[4]  We agree with the law firm=s contention in this regard.  As set forth below, the judgment of the trial
court is modified and, as modified, is affirmed.

As a general rule, attorney=s
fees are not recoverable in Texas unless allowed by contract or by
statute.  Dallas
Central Appraisal District v. Seven Investment Company, 835 S.W.2d 75, 77
(Tex.1992).  Appellees
contend that they are entitled to recover their attorney=s
fees under an equitable exception to the general rule. They rely upon our
opinion in Baja Energy, Inc. v. Ball, 669 S.W.2d 836 (Tex.App. - Eastland 1984, no writ), for this
proposition.  We recognized a recovery of
attorney=s fees in
Baja Energy based upon equitable grounds when a claimant is required to
prosecute or defend litigation involving a third party as a consequence of the
wrongful act of the defendant.  Baja
Energy, Inc. v. Ball, supra at 838-39. 
As we stated:

The
exception applies when the wrongful act or contractual violation involves the
claimant in litigation with third parties and forces the claimant to incur
expenses to protect his interests.  Such
costs and expenses, including attorney=s
fees, are treated as the legal consequence of the original wrongful act and are
permitted to be recovered as damages.

 

Baja Energy, Inc. v. Ball, supra at 839.








The exception we recognized in Baja Energy
is narrow.[5]  It only applies when a wrongful act requires
the claimant to incur attorney=s
fees in prior litigation involving a third party.  See Lesikar v. Rappeport, 33 S.W.3d 282, 306 (Tex.App.
- Texarkana 2000, pet=n
den=d)(Aattorney=s
fees incurred in prior litigation with a third party are recoverable in a
subsequent suit as actual damages@).
The exception is inapplicable in the instant appeal because appellees
are not seeking attorney=s
fees which they incurred in prior litigation involving a third party.  To the contrary, the attorney=s fees they seek are those incurred in
the original litigation with the party alleged to have committed the wrongful
act.

Appellees additionally
contend that they are entitled to recover their attorney=s
fees under TEX. CIV. PRAC. & REM. CODE ANN. '
38.001 (Vernon 1997).  To recover
attorney=s fees
under this provision, a party must (1) prevail on a cause of action for which
attorney=s fees
are recoverable under the statute and (2) recover damages.  Green International,
Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.1997).  Appellees assert
that their claim regarding the alleged misappropriation of settlement funds
constituted a claim to recover on an oral contract.  See Section 38.001.  We disagree with this contention. The misappropriation
claim is in the nature of a conversion cause of action.[6]   Attorney=s
fees are not recoverable as either actual or exemplary damages on a conversion
claim.  Jay Fikes and Associates v. Walton, 578 S.W.2d 885, 888 (Tex.Civ.App. - Amarillo 1979, writ ref=d n.r.e.).  Furthermore, Section 38.001 does not permit appellees to recover their attorney=s
fees for defending the law firm=s
quantum meruit claim. 
Howard v. City of Kerrville, 75 S.W.3d 112, 119
(Tex.App. - San Antonio 2002, pet=n den=d).  The law firm=s
first issue is sustained.








The law firm=s
second issue addresses a postjudgment order entered
by the trial court on June 9, 2003, directing the law firm to return settlement
funds to the registry of the trial court. 
During the pendency of the underlying lawsuit,
the trial court entered an order requiring $45,000.00 of the $86,000.00 in
settlement proceeds obtained in connection with the defective foundation claim
to be deposited into the trial court=s
registry.  After the trial of the
underlying suit and the entry of the judgment on May 9, 2003, the trial court
entered an order on May 27, 2003, directing the trial court clerk to pay the
law firm $39,987.25 from the court=s
registry.  The trial court entered a
subsequent order on June 9, 2003, which directed the law firm to pay the amount
of $39,987.25 back into the registry of the trial court by June 17, 2003.

The law firm contends on appeal that the trial
court was without jurisdiction to enter the challenged order because it was allegedly
entered after the law firm filed its notice of appeal.  The law firm further asserts that the trial
court erred by entering the order without notice to the law firm.  Our resolution of the law firm=s first issue and the eventual issuance
of the mandate in this appeal will effectively render the law firm=s second issue moot.  Accordingly, we do not address the law firm=s second issue on the merits.[7]   However,  the law firm=s
compliance with the trial court=s
order of June 9, 2003, is the subject of a contempt proceeding initiated in
this court which remains pending.

                                                                Contempt
Findings

Upon the law firm=s
failure to comply with the trial court=s
order of June 9, 2003, appellees filed a motion in
this court seeking the enforcement of the trial court=s
order.  We granted the relief requested
by appellees in our order of September 8, 2003,
wherein we ordered the law firm to comply with the terms of the trial court=s order of June 9, 2003, by paying the
amount of $39,987.25 into the registry of the trial court by September 19,
2003.  We specifically advised the law
firm that the failure to comply with our order of September 8, 2003, might
result in the institution of contempt proceedings.








The law firm did not comply with our order of
September 8, 2003, which required compliance with the trial court=s order of June 9, 2003.  Instead, the law firm filed a motion for
reconsideration.  The
law firm asserted in the motion for reconsideration that the trial court lacked
jurisdiction to enter the order of June 9, 2003.  The law firm argued that the filing of its
notice of appeal on June 9, 2003, divested the trial court of jurisdiction to
enter any further orders in the underlying cause.  We overruled the law firm=s jurisdictional contention in a
written order issued on October 2, 2003.[8]

The law firm next filed a motion for rehearing
with respect to our denial of the motion for reconsideration.  We overruled the motion for rehearing in
another written order issued on October 24, 2003.  This order specifically directed the law firm
to comply with the trial court=s
order of June 9, 2003.  This order
further warned the law firm that we would entertain a motion for contempt if it
did not comply with the terms of the trial court=s
order of June 9, 2003, by November 7, 2003.

Accordingly, this court issued more than one
written order directing the law firm to comply with the terms of the trial
court=s order
of June 9, 2003.  We also specifically
warned the law firm that its failure to comply with this court=s orders could possibly result in
contempt proceedings brought against the law firm.  However, the law firm did not comply with the
orders of this court because the law firm did not deposit the amount of
$39,987.25 into the registry of the trial court.








We subsequently issued a Ashow
cause@ order on
December 5, 2003, directing the law firm=s
principal officer, Oscar M. Telfair, III, P.C., to personally appear before
this court on January 15, 2004, and show cause why the law firm should not be
held in contempt for failing to comply with the terms of this court=s orders.  The show cause order specifically warned the
law firm that it could be held in contempt for failing to abide by the terms of
this court=s
orders.  The show cause order further
warned the law firm that the possible punishment for contempt of court is a
fine of not more than $500.00, confinement in jail for a term of not more than
six months, or both such fine and confinement. 
See TEX. GOV=T
CODE ANN. '
21.002(b) (Vernon 2004).

Prior to the Ashow
cause@ hearing
conducted on January 15, 2004, the law firm deposited the sum of $13,500.00
into the registry of the trial court. 
The court proceeded with conducting the Ashow
cause@ hearing
because the law firm had not fully complied with this court=s orders to deposit the amount of
$39,987.25 into the registry of the trial court.  The law firm appeared at the hearing through
its attorney of record and its principal officer.  These representatives advised the court at
the hearing for the first time that the law firm did not have sufficient funds
to pay the full amount of $39,987.25 into the registry of the court.  The law firm did not offer any legitimate
reason why this information was not previously provided to the court.  This court took the issue of holding the law
firm in contempt under advisement until the issuance of the opinion and
judgment in this appeal.

We find that appellant, Oscar M. Telfair, III,
P.C., has failed to comply with two written orders issued by this court on
September 8, 2003, and October 24, 2003, directing it to pay the amount of
$39,987.25 into the registry of the court pursuant to the trial court=s written order of June 9, 2003.  We further find that appellant, Oscar M.
Telfair, III, P.C., has failed to provide the court with a sufficient reason
why it did not comply with this court=s
written orders issued on September 8, 2003, and October, 24, 2003.  As a result of appellant Oscar M. Telfair,
III, P.C.=s
dilatory conduct, both appellees and this court have
been required to expend time and resources on this matter which were
unnecessary to resolving the issues on appeal.

                                                                This
Court=s Ruling

The portion of the trial court=s judgment awarding appellees
$10,250.00 for their attorney=s
fees is modified to delete this award. 
As modified, the trial court=s
judgment is affirmed.

                                                                Order
of Contempt

NOW, THEREFORE IT IS ORDERED, ADJUDGED AND
DECREED by the Court of Appeals, Eleventh District of Texas, that Oscar M.
Telfair, III, P.C. is in contempt and is fined  $500.00 to be paid to the Clerk of the
Court of Appeals, Eleventh District of Texas, on or before 30 days after
mandate has issued.








 IT IS
ORDERED that all writs and other process necessary for the enforcement of
this judgment be issued.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

February 10, 2005

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]Section
82.065 of the Government Code expressly provides that contingent fee contracts
for legal services must be in writing. 
TEX. GOV=T CODE ANN. '
82.065(a) (Vernon 1998).  An oral
contingent fee contract is voidable by the
client.  See TEX. GOV=T CODE
ANN. '
82.065(b) (Vernon 1998); Enochs v. Brown,
872 S.W.2d 312, 318 (Tex.App. - Austin 1994, no
writ).     





     [2]Quantum
meruit is an equitable remedy based upon an implied
promise to pay for benefits received.  Heldenfels Brothers, Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41
(Tex.1992).  To recover in quantum
meruit, a claimant must prove (1) valuable services
were rendered or materials furnished,  (2) for the person sought to be
charged,  (3) which services and
materials were accepted by the person sought to be charged,  (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff in performing such
services was expecting to be paid by the person sought to be charged.   Heldenfels
Brothers, Inc. v. City of Corpus Christi, supra at 41.





     [3]Appellees did not offer evidence segregating the amount of
their attorney=s fees incurred for defending the law firm=s quantum meruit claim from
those incurred in prosecuting their claims for affirmative relief.    





     [4]The
law firm preserved this alleged error for review by objecting to the submission
of a jury question regarding appellees= attorney=s fees.





     [5]We
note that other courts have declined to recognize the recovery of attorney=s fees on equitable grounds which we adopted in Baja
Energy.  See
Burnside Air Conditioning and Heating, Inc. v. T.S. Young Corporation,
113 S.W.3d 889, 899 (Tex.App. - Dallas 2003, no pet=n).





     [6]Conversion
occurs when one person makes an unauthorized and wrongful assumption and
exercise of dominion and control over the personal property of another to the
exclusion of or inconsistent with the owner=s rights.
Waisath v. Lack=s
Stores, Inc., 474 S.W.2d 444, 447 (Tex.1971).





     [7]We
have previously rejected the law firm=s
jurisdictional contention in previous written orders issued by this court.  The law firm has not preserved error with
respect to its Alack of notice@ contention  because
the law firm did not present this claim to the trial court for
consideration.  See TEX.R.APP.P. 33.1(a).  





     [8]The
law firm filed its initial notice of appeal A[a]fter [h]ours@ on June 9, 2003, at 7:03 p.m.   Since the notice of appeal was filed after
hours, the appellate record does not necessarily establish that the notice of
appeal was filed prior to the entry of the order of June 9, 2003.   The act of the law firm filing the notice of
appeal obviously could not have divested the trial court of jurisdiction to
enter the order of June 9, 2003, if the notice of appeal was filed after the
entry of the order.  

 

      Moreover, even if the notice of appeal
was filed prior to the entry of the order of June 9, 2003, the trial court
maintained jurisdiction to enter the order. 
The trial court entered the final judgment in this cause on May 9, 2003.  Therefore, the trial court entered the order
of June 9, 2003, while its plenary jurisdiction remained in effect.   See TEX.R.CIV.P. 4 & 329b(d).  The filing
of a notice of appeal does not divest the trial court of its plenary
jurisdiction.  See Rule 329b(d) (AThe trial court, regardless of whether an appeal has
been perfected, has plenary power to grant a new trial or to vacate,
modify, correct, or reform the judgment within thirty days after the judgment
is signed@).  (Emphasis
added)

 

       The law firm cited Gano
v. Villarreal, 745 S.W.2d 586, 587 (Tex.App. -
Corpus Christi 1988, orig. proceeding), for the propo-sition
that a trial court is without authority to enter orders after a notice of
appeal has been filed. The law firm=s
reliance on Gano was misplaced.  Gano only
held that a trial court does not retain jurisdiction to conduct contempt
proceedings with respect to an alleged violation of an order that has been
appealed.  The trial court=s order of June 9, 2003, was not a contempt
ruling.  Moreover, the holding in Gano has effectively been overruled in the Texas
Supreme Court=s recent opinion in In
re Sheshtawy, No. 03-0766, 2004 WL 3019232, at *7
(Tex. Dec. 31, 2004).