

**THE STATE OF TEXAS**

## NOTICE TO SHOW CAUSE

TO:  Constable Ron Smith, Denton County, Texas

**GREETINGS:**

      **WHEREAS**, the Court of Appeals for the Second District of Texas on February 28, 2014 made and entered the following order:

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

_____

**NO. 02-13-00171-CV**

_____

ROSS MANDEL AND LEA MANDEL

V.

LEWISVILLE INDEPENDENT SCHOOL DISTRICT; COUNTY OF DENTON,

TEXAS; AND CITY OF PLANO

AND

_____

**NO. 02-13-00412-CV**

_____

IN RE ROSS MANDEL AND LEA MANDEL

---

From the 431st District Court
of Denton County, Texas
Trial Court Cause No. 2011-0490-431

---

**ORDER TO SHOW CAUSE**

The instant dispute arose after a final default judgment was entered November 15, 2012, against Ross and Lea Mandel (the Mandels) for delinquent property taxes. *See* Tex. R. App. P. 30. The judgment authorized a sale of the Mandels' property to pay the delinquent tax amount. *See* Tex. Tax Code Ann. § 33.41 (West 2008). The order of sale was issued on January 4, 2013. *See id.* § 33.53(b) (West 2008). It appears the property was sold to Claussner Holdings, LLC (Claussner) on April 2, 2013. On May 14, 2013, the Mandels filed a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. After all appellate briefing was completed in this court, the trial court clerk issued a writ of possession on October 21, 2013, as provided in the final default judgment and at Claussner's request. *See* Tex. Tax Code Ann. § 33.51 (West 2008); Tex. R. Civ. P. 310, 632. The Mandels filed a cash deposit in lieu of supersedeas bond, and the trial court clerk, on October 31, 2013, issued a writ of supersedeas to stay any execution of the writ of possession.[1] *See* Tex. R. Civ. P. 634; Tex. R. App. P. 24.1(c). Constable Ron Smith of Denton County was served with the writ of supersedeas on November 13, 2013, at 11:00 a.m.[2]

---

[1]No one has challenged the sufficiency of the Mandels' deposit in lieu of bond as provided by rule. *See, e.g.*, Tex. R. App. P. 24.3, 24.4.

[2]The Mandels argue that a copy of the writ of supersedeas was mailed to Smith on November 1, 2013. However, the officer's return on the writ of supersedeas reflects that Smith was personally served on November 13, 2013.

On November 12, 2013, twelve days after the writ of supersedeas was issued but one day before Smith was personally served with it, the Mandels asserted that Smith attempted to execute on the writ of possession because of his belief that the writ of supersedeas was "invalid for unexplained reasons." The Mandels immediately filed a motion to enforce the writ of supersedeas with the trial court; however, the trial court informed them that it would not consider the motion until November 15. Smith allegedly agreed to wait to enforce the writ of possession until after the trial court had considered the Mandels' motion. Smith, however, allegedly returned to the home the next morning—November 13—and again attempted to evict the Mandels pursuant to the writ of possession. The Mandels immediately filed an emergency motion in this court to stay any execution of the writ of possession. We granted the motion that same day—November 13, 2013—and stayed any execution of the writ of possession until further order of this court. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004) (granting courts of appeals power to issue all writs "necessary to enforce the jurisdiction of the court").

After receiving notice of this court's stay order on November 13, Smith allegedly continued his execution of the writ of possession and succeeded in evicting the Mandels and their possessions from the property. On November 14, the Mandels filed a supplemental brief in the trial court in support of their motion to enforce the writ of supersedeas. On November 15, the trial court denied the

3

Mandels' motion to enforce the writ of supersedeas and refused to quash the writ of possession.[3] The Mandels filed a petition for writ of mandamus on November 25, arguing that the trial court had abused its discretion in denying their motion, for which there was no adequate appellate remedy. We take judicial notice of all documents filed in the appeal and the mandamus action. *See, e.g.*, *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (holding appellate court may take judicial notice of relevant facts under rule of evidence 201(b)).

On January 21, 2014, we entered an order abating the appeal and the mandamus action and directing the trial court to conduct an evidentiary hearing to determine why Smith should not be held in contempt for failing to comply with our November 13, 2013 order staying execution of the writ of possession and why he "should not be punished and sanctioned" for disregarding our order. We attached a copy of our November 13 order to the abatement order. We specifically warned Smith of the consequences if he failed to show such cause: "**FAILURE OF CONSTABLE RON SMITH TO SHOW CAUSE BY** [February 7,

---

[3]At the hearing, Claussner attempted to provide the trial court with a copy of the amicus brief it filed in the appeal. The trial court did not accept the copy but paused to note its "frustrations" with this court's failure to "follow those [electronic filing] rules" by not making filings, such as an amicus brief, available to the public. We now inform the trial court that there is no rule or order that requires this court to make documents filed with the court available by remote access. *See generally* Tex. R. App. P. 9. We understand the trial court's confusion with the relatively new electronic-filing rules but warn the trial court to tread carefully when accusing this court of willfully violating the rules.

4

2014] **SHALL RESULT IN THE ISSUANCE OF A JUDGMENT OF CONTEMPT.**" We further ordered that notice of the show-cause order be served on Smith. We did not grant the trial court any further jurisdiction or authority over this matter. Smith was personally served with our abatement order on January 22, 2014.

On February 5, 2014, the trial court held a hearing under the limited jurisdiction and authority granted to it by our abatement order. Smith stated that the trial court could not proceed because "the exact acts and the dates and times that [Smith] violated the court order" were not given in our show-cause order. The trial court concurred and stated that it did not "believe" that we had the "authority to issue a show cause order" because we did not give Smith the required notice "as to the nature of acts alleged to have been contemptuous." Specifically, the trial court stated that "there's no evidentiary basis that has ever been provided for the allegations of contempt." Apparently, the trial court believed that the Mandels' verified and certified documentary evidence filed in the mandamus proceeding was not competent evidence.[4] The trial court

---

[4]As we state below, the determination of what evidence this court may consider in determining this contempt matter, which arose after the trial court's plenary power had expired, was not for the trial court to decide. Further, the trial court's statement that the Mandels' evidence offered in support of their mandamus petition could not be considered was patently incorrect. *See Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding) (holding mandamus proceedings require "certainty in the pleadings and as to the facts," which can be accomplished by "affidavits in verification of the petition"); *see also* Tex. R. App. P. 52.3(g), (j), (k)(1), 52.7(a) (requiring

construed Smith's extemporaneous argument against the advisability of a show-cause hearing as an "objection to this procedure" and sustained the objection.

The Mandels, believing that we simply had ordered the trial court to conduct a hearing to provide "the evidentiary basis for which to issue a show cause," requested and received permission to introduce evidence regarding Smith's actions surrounding the execution of the writ of possession. The Mandels called Smith as a witness; however, he invoked his Fifth Amendment right to refuse to testify on the advice of counsel. The Mandels' attorney, Edward Dennis, testified that, on November 12, 2013, he talked to David Brusilow, a friend of the Mandels' whom Ross Mandel had asked "to go out to the property," who informed Dennis that Smith had stated he would not return to the property until after the trial court ruled on Appellant's motion to enforce the writ of supersedeas. The next morning, on November 13, Ross Mandel, who was out of town and not at the property, and Brusilow, who was at the property, each contacted Dennis to inform him that Smith had returned to the property. Dennis then called Smith and asked why Smith "had returned to the property to execute the writ of possession when he said that he was not going to do so." Smith told Dennis that he was going to execute the writ of possession based on instructions he had received from Claussner's attorney and refused to wait until Dennis could

mandamus petition to be certified by filing party, appendix contents to be certified or sworn, and each fact in petition to be supported by appendix reference).

6

seek a stay even though Smith was aware of the writ of supersedeas. Dennis, on behalf of the Mandels, immediately filed the motion to stay execution of the writ of possession in this court at 12:40 p.m.

Ross Mandel testified that he arrived at his home "in the afternoon" of November 13, 2013, and "people appeared to be taking things out of [his] house, putting them in the street, putting them on the driveway, throwing things out the door." At approximately 5:20 p.m. on November 13, our order granting the Mandels' motion to stay and staying "execution of the writ of possession issued in cause number 2011-0490-431" was entered in this court's case-management system.[5] Shortly before entering the order in the system, this court's clerk faxed a copy of the order to all interested parties, including the trial court and the trial court clerk, at approximately 5:15 p.m. Dennis received the order by fax "on or about 5:30 p.m." Dennis called Smith, informed him of the order, and "asked that [Smith] stop." Smith refused. At 5:54 p.m., Dennis's secretary e-mailed a copy of our order to Smith and all other interested parties, including Ross Mandel and Brusilow, "who were at the property."

---

[5]The time of entry and the time Dennis testified he received the signed order by fax are approximately one hour earlier than the time reflected on the fax time stamp, which seemed to confuse the trial court regarding when we entered and faxed the order. It appears the court's fax machine had not been updated to reflect the end of daylight savings time, which had occurred on November 3, 2013. This would explain the one-hour discrepancy between the time stamp on the fax and the time Dennis testified he received the order by fax.

7

Shortly after Brusilow received the order electronically from Dennis, Brusilow showed the order to Smith, who said that "he didn't need to pay attention to that order." Smith continued removing the Mandels' possessions from the property and would not let Ross Mandel enter the house.

Dennis arrived at the property at approximately 6:30 p.m. and "personally served a copy of the [stay] order" on Smith. Smith refused to stop the execution of the writ of possession because he had "already done it" and ordered a deputy constable to escort Dennis out of the home.[6] Dennis stayed at the property until 7:30 p.m. while Smith "continued [removing] possessions of the Mandels from the home to the front driveway where movers were putting it into trucks, and there was no stoppage of any of that moving out. And Constable Smith had refused to let [Dennis] or the Mandels or anyone in." Indeed, the Mandels introduced into evidence a picture taken by Dennis showing Smith inside the home "overseeing the execution of the writ of possession" at "about 7:00 p.m. on November 13th," which was after Brusilow had showed Smith an electronic copy of our order staying the writ of possession and after Dennis had personally

---

[6]The fact that the writ of possession had been partially executed did not render our stay order ineffective to stop the remainder of the execution, which continued for at least four hours after Smith received notice of our stay order as we explain below. *See, e.g., Associated Gen. Contractors of Tex., Inc. v. City of Corpus Christi*, 694 S.W.2d 581, 582 (Tex. App.—Corpus Christi 1985, no writ); *cf. Toudouze v. Urban Renewal Agency of the City of San Antonio*, 404 S.W.2d 821, 821 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.) (noting appeal from trial court's denial of stay of execution on writ of possession moot because sheriff executed writ and buyer of property took possession and demolished buildings).

delivered a copy of our order to Smith. Ross Mandel testified that Smith continued removing the Mandels' possessions from the home for a "minimum of four" hours after Smith saw this court's order staying enforcement of the writ of possession. The Mandels' possessions were not completely removed from the property until the morning of November 14, 2013.

After the hearing, the trial court entered an order sustaining Smith's "objection" and stated that it "RESPECTFULLY FINDS" that our abatement order was insufficient to allow a finding of contempt:

> The instant show cause order summarily finds Constable Ron Smith guilty of unspecified contemptuous conduct, rather than providing notice of the allegations and an opportunity to be heard. Further the show cause order does not allege when, how[,] or by what means Constable Ron Smith violated the appellate court's underlying order and does not notify Constable Ron Smith whether criminal confinement or a criminal penalty may be imposed for any act or acts of contempt. As a matter of fundamental due process, the trial court finds that Constable Ron Smith is entitled to specific notice of such allegations before the trial court is permitted by law to conduct a contempt hearing. Accordingly, Constable Ron Smith's objection to the instant show cause order and hearing is **RESPECTFULLY SUSTAINED**.[7]

Only this court has the authority to enforce our orders through the power of contempt. *See In re Gabbai*, 968 S.W.2d 929, 931 (Tex. 1998) (holding trial

---

[7]We pause here to express our uncertainty regarding the trial court's intended meaning by putting the word "respectfully" in all capitals and in bold type. We resolve any question in the trial court's favor and will assume that this emphasis reflects the "dignified and courteous" manner a judge is to perform his adjudicative responsibilities, including those responsibilities directed to this court. Tex. Code Jud. Conduct, Canon 3(B)(4), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2013).

court had no authority to enforce by contempt a court of appeals order to file supersedeas bond after appeal was dismissed for failure to file bond); *see also In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004) (orig. proceeding) (recognizing court of appeals "retains the overarching power to stay any actions of a trial court, including contempt proceedings, that may interfere with its jurisdiction or the subject matter of the appeal," but holding trial court usually is in better position to hear motion for contempt "when a final judgment has not been superseded or stayed pending an appeal"). In other words, we have contempt power to address violations of our own orders. *See Oscar M. Telfair, III, P.C. v. Bridges*, 161 S.W.3d 167, 171–73 (Tex. App.—Eastland 2005, no pet.); *see also* Tex. Gov't Code Ann. § 21.002. Here, execution of the writ of possession clearly was stayed by this court's November 13, 2013 order. *See* Tex. R. App. P. 24. Any alleged action by Smith to execute on the writ of possession after he knew of our stay order would have violated this court's order staying execution of the writ of possession.

Therefore, we abated the restricted appeal and the mandamus proceeding for the trial court to conduct a hearing, with Smith present, "to determine why [Smith] violated this court's November 13, 2013 order and make sufficient findings to enable this court to determine whether [Smith] should be held in contempt for failing to comply with this court's November 13, 2013 order." The trial court's plenary power over the final default judgment had expired; thus, the

trial court had the jurisdiction and authority to do only what this court gave it the power to do. *See* Tex. R. Civ. P. 306a(1), 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *see also, e.g., Ex parte Werblud*, 536 S.W.2d 542, 544–45 (Tex. 1976) (recognizing propriety of court of appeals retaining jurisdiction over contempt matter yet referring "matter of taking testimony and hearing evidence to the judge of a [trial court]"). Indeed, the trial court had "no authority to take any action" inconsistent with the directives in our order. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013) (discussing trial court's limited authority after appellate remand). We certainly did not give the trial court authority to parse our abatement order for perceived deficiencies in the order or to ignore the dictates in that order. If Smith concluded that our order was deficient or that an "objection" was necessary, the court with the power to adjudicate that issue was the court that issued the allegedly objectionable order, i.e., this court and not the trial court. *See Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) ("[T]he time during which the trial court has authority to impose sanctions on . . . a motion [for sanctions directed to pre-judgment conduct] is limited to when it retains plenary jurisdiction."); *Warfield Elec. of Tex., Inc. v. Harry Hines Prop. Venture*, 871 S.W.2d 273, 275 (Tex. App.—Eastland 1994, no writ) (holding trial court could not rule on motion for sanctions after plenary power expired).

The Mandels were able to prevail upon the trial court to allow the presentation of evidence on the issue properly before that court. The Mandels proffered undisputed evidence at the hearing regarding the specifics of Smith's contemptuous actions, and Smith, although given the opportunity to dispute these facts, relied upon his valuable rights and chose not to do so.

Based on the Mandels' verified and certified evidence offered in support of their mandamus petition and based on the evidence proffered at the trial court's February 5 hearing, Constable Ron Smith is hereby **ORDERED** to personally appear in the 431st District Court of Denton County, Texas, and **show cause**, if any, why he should not be found in contempt of court for willfully disobeying the stay order of this court entered on November 13, 2013, by the following specific acts: On November 13, 2013 and November 14, 2013, Smith executed a writ of possession—issued in cause number 2011-0490-431 and styled Lewisville Independent School District, County of Denton, and City of Plano versus Ross Mandel and Lea Mandel—and removed the Mandels' possessions from the home located at 6648 Castle Pines Drive, City of Plano, Denton County, Texas, after receiving oral notice and a written copy of this court's order staying execution of the writ of possession.

Therefore, **no later than March 25, 2014**, the trial court shall conduct a show-cause hearing, with Smith present, to determine why Smith should not be held in contempt of this court for his failure to comply with our November 13,

2013 order. The trial court shall inform Smith that if he cannot show just cause to excuse his contempt, this court will consider all appropriate sanctions for his failure to comply with our November 13, 2013 order, including "a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail." Tex. Gov't Code Ann. § 21.002(b). A second supplemental reporter's record and clerk's record shall be filed in this court **no later than April 11, 2014**.

To be perfectly clear, the trial court shall take only the following actions:

1. Set a hearing for this matter to be held no later than March 25, 2014.

2. Notify all interested parties, including Smith and the attorney that represented Smith at the trial court's February 5, 2014 hearing, of the date, time, and location of the hearing.

3. At the hearing, advise Smith of the range of contempt sanctions available to this court under Tex. Gov't Code Ann. § 21.002(b).

4. Allow Smith to appear and show cause why he should not be held in contempt of this court's November 13, 2013 order staying execution of the writ of possession based on his continuing execution of the writ of possession for a "minimum of four" hours after Smith received notice of our November 13, 2013 order staying execution of the writ of possession.

5. Allow the Mandels to proffer any additional evidence regarding Smith's actions surrounding his execution of the writ of possession after he received notice of this court's November 13, 2013 order staying execution of the writ of possession.

6. Ensure that a second supplemental clerk's record and a second supplemental reporter's record are filed in this court no later than April 11, 2014.

13

After these supplemental records are filed in this court, we will make any necessary findings and conclusions and will determine the appropriate sanction, if any, for Smith's actions in violation of our November 13, 2013 order as specified above. *See, e.g., Oscar M. Telfair*, 161 S.W.3d at 171–73. *See generally Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (orig. proceeding) (explaining notice requirements of show-cause order). We **ORDER** that this Order to Show Cause be personally served on Constable Ron Smith by "any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. The clerk of this court is directed to transmit a copy of this order to the trial court judge, the trial court clerk, the attorney of record for each of the parties to the appeal and the mandamus action, the attorney who filed an amicus brief in the appeal, and the attorney who appeared on Smith's behalf at the trial court's February 5 hearing. The appeal and the related mandamus action remain abated.

DATED February 28, 2014.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

A correct and complete copy of the order of February 28, 2014, is attached to this **NOTICE** and fully incorporated for all purposes.

**NOW, THEREFORE**, Constable Ron Smith is hereby commanded to show cause, in the manner and within the period specified in the order of February 28,

14

2014, why he should not be held in contempt of the Court of Appeals for the Second District of Texas, and why he should not be punished and sanctioned for not doing so.

**WITNESS MY HAND** and the Seal of the Court of Appeals for the Second District of Texas at the City of Fort Worth, on this the 28th day of February, 2014.

_Debra Spisak_
Debra Spisak, Clerk
Second Court of Appeals
401 W. Belknap, Suite 9000
Fort Worth, TX 76196