### BURNSIDE AIR CONDITIONING AND HEATING, INC., Appellant,

v.

### T.S. YOUNG CORPORATION and Jimmy J. Smith, Appellees.

No. 05–02–01332–CV.

Court of Appeals of Texas, Dallas.

Aug. 29, 2003.

Larry R. Boyd, Abernathy, Roeder, Boyd & Joplin, P.C., McKinney, for Appellant.

John Walter Reeder, Plano, John M. Gillis, Dallas, for Appellees.

Before Justices WRIGHT, FITZGERALD, and LANG.

## OPINION

Opinion By Justice LANG.

Appellant Burnside Air Conditioning, Inc., appeals the trial court's judgment against it and in favor of appellees T.S. Young Corporation and Jimmy J. Smith for the amount of Young's fee for personnel services and the attorneys' fees of both appellees. Burnside challenges the trial court's findings of fact and conclusions of law in four issues as follows: (1) the court's finding that there was a contract is unsupported by legally and factually sufficient evidence, does not include the elements necessary for contract formation, and irreconcilably conflicts with its finding that there was a valid quantum meruit claim; (2) the court's finding that there was a valid claim based on quantum meruit is unsupported by legally and factually suf-

ficient evidence, does not include the elements necessary for the existence of quantum meruit, and irreconcilably conflicts with the court's finding that there was a valid contract claim; (3) the court's finding that Smith was Burnside's agent is unsupported by legally and factually sufficient evidence; and finally (4) the trial court's findings regarding the reasonableness of Young's and Smith's attorneys' fees are unsupported by legally and factually sufficient evidence, and there is no basis in law for the award of Smith's attorney's fees. For the reasons set forth below, we affirm in part and reverse in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Burnside sought to hire an operations manager and asked its accountant Smith, for help. Smith contacted Young, a personnel firm, to conduct the search. Young referred several candidates to Smith, who conducted initial screening interviews. Smith recommended one of these candidates to Burnside for a second interview. Burnside interviewed and hired this candidate. Young billed Burnside for its fee for its placement services. When Burnside refused to pay, this lawsuit followed. Young eventually sued both Burnside and Smith, and Smith cross-claimed against Burnside for common law indemnity and breach of agreement to pay Young's placement fee. After a trial to the court, the trial court found in favor of Young and against Burnside for the amount of its placement fee and its attorney's fees, and found in favor of Smith against Burnside in the amount of its attorney's fees.[1]

### EXISTENCE OF CONTRACT OR QUANTUM MERUIT

In its first issue, Burnside challenges the court's first finding. Burnside argues that the finding that there was a contract between Young and Burnside for Young's personnel services was unsupported by legally and factually sufficient evidence, does not include the necessary elements for contract formation, and irreconcilably conflicts with the court's finding that Young had a valid quantum meruit claim.

First, we address Burnside's argument that the court's findings regarding the existence of a contract is a conclusion of law which is not supported by any independent findings of fact and which is therefore incorrect. In its argument, Burnside anticipates that Young might ar-

---

1. Because Burnside's issues address, in part, the sufficiency and alleged conflicts in the court's findings, we will address the precise language used by the court. Accordingly, we reproduce below the trial court's Findings of Fact and Conclusions of Law:

   1. T.S. Young and Burnside Heating had a contract for T.S. Young's personnel services, and pursuant to it Burnside Heating owes T.S. Young $18,500 for services rendered.

   2. Even if the contract failed, Burnside Heating owes T.S. Young for the reasonable value of T.S. Young's services that Burnside Heating sought and received; the reasonable value of those services is $18,500.

   3. T.S. Young's reasonable attorney fees for enforcing it's [sic] contract and debt claims against Burnside Heating are $19,000, that is, $18,000 attorney fees through the first day of trial, plus $1,000 for the second day of trial.

   4. For the purpose of acquiring an operations manager through a personnel agency, Burnside heating became Jay Smith's principal, and Smith became Burnside Heating's agent.

   5. Sued for what was only his principal's responsibility, Smith defended himself and incurred attorney fees in doing so; his principal, Burnside Heating, is responsible to him for those fees.

   6. Smith's reasonable attorney's fees are $11,350, that is $10,350 attorney fees through the first day of trial, and $1,000 for the second day of trial.

Judgment was entered by the trial court based on these findings of fact and conclusions of law. Burnside appealed the judgment.

gue that the trial court's finding of a contract "presumes" the finding of the elements of a contract. In that regard, Burnside cites rule of civil procedure 299 to us and urges its inapplicability. Rule 299 provides as follows:

The judgment may not be supported on appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.

Tex.R. Civ. P. 299.

In support of its position of inapplicability of presumed findings, Burnside cites *First Coppell Bank v. Smith,* 742 S.W.2d 454, 464–65 (Tex.App.-Dallas 1987, no writ) for the proposition that Young has waived its right to complain of omitted findings. In *Coppell,* this Court held that a party had waived the affirmative defense of estoppel by failing to request additional or amended findings where the trial court's original findings were silent as to any finding on the issue of estoppel. Here, the trial court's findings were not silent. The court explicitly found that there was a contract for personnel services between Young and Burnside, and that pursuant to such contract Burnside owed Young $18,500.00. Therefore, we conclude Burnside's argument under rule 299 is without merit. Any findings necessary to the contract can be presumed in accordance with rule of civil procedure 299. Accordingly, we move to the task of determining if the evidence supports such "presumed findings."

Burnside challenges the legal sufficiency of adverse findings on issues regarding which it did not have the burden of proof. Accordingly, in order to be successful, it must demonstrate that there is no evidence to support the findings. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). In reviewing a "no evidence" point, the court must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996).

■ There was evidence in the record that Burnside requested Smith to help find an operations manager and authorized him to use a personnel agency. Smith testified that Burnside did not want his identity as the employer known until a good candidate for manager had been found. Smith contacted the Young employment agency to actually perform the search. The court found that Smith acted as Burnside's agent for the purposes of this search. Young presented several candidates to Smith, whom Smith interviewed and referred to Burnside. Burnside hired one of the candidates initially referred by Young, and agreed to pay him an annual salary of $74,000.00. Smith testified that he told Burnside there would be a fee for the personnel agency's services, but that he and Burnside had never discussed the amount of the fee. There was evidence in the record that Smith was told Young's fee would be 25% of the placement, and that Smith responded by saying "O.K." Based upon the foregoing, there is more than a scintilla of evidence supporting the court's finding that Burnside had a contract with Young for personnel services at a price of $18,500.00.

Burnside also challenges the factual sufficiency of the court's finding that there was a contract between Burnside and Young at a price of $18,500.00. This is a

challenge of the factual sufficiency of an adverse finding on an issue regarding which it did not have the burden of proof. Accordingly, in order to be successful, it must show that the trial court's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). In reviewing a factual sufficiency challenge, the court considers, weighs, and examines all the evidence; that which supports and that which is contrary to the trial court's finding. *Id.; see also Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989).

In reviewing the trial court's findings, this Court will accord them the same deference that it would a jury's findings. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). The trial court was entitled to determine the credibility of the witnesses and we will defer to that determination. *See Ashcraft v. Lookadoo,* 952 S.W.2d 907, 910 (Tex.App.-Dallas 1997, pet. denied).

Burnside testified that he had never dealt directly with Young and had never authorized Smith to agree to pay Young a fee. Smith agreed that Burnside did not deal directly with Young, but testified that Burnside had authorized him to use an employment agency knowing that the agency would charge a fee. Moreover, Smith testified that after he had interviewed the person who was ultimately hired, a representative from Young came by and told Smith the fee would be 25% of the employee's annual salary. Smith admitted that he said "O.K." when the representative of Young told him of the fee but said that he was on the telephone with a client at the time and had merely said "O.K." to acknowledge that he had heard her. Smith's testimony regarding when this conversation occurred was conflicting. On one occasion, he testified that

the conversation occurred a few days after his interview with the candidate. On another occasion, he testified the conversation occurred a few days after Burnside's interview with the candidate. However, in either case the conversation transpired before the candidate reported for work at Burnside. Smith admitted that he did not contact Young at any time after this conversation to indicate any disagreement with the amount of the proposed fee.

Before we conclude whether the evidence was factually sufficient, we address Burnside's claim that there can be no finding of a contract unless there is evidence a price was actually agreed upon, because price is an essential term of an enforceable contract. Specifically, Burnside cites us the holding of this court in *Mooney v. Ingram,* 547 S.W.2d 314, 317 (Tex.Civ. App.-Dallas 1977, writ ref'd n.r.e.) which states: "[T]here is no enforceable contract where the agreement of the parties leaves an essential term for later determination and it is never determined." Also, Burnside argues that leaving the determination of an essential term to later negotiations can render a contract unenforceable for indefiniteness. *See Weitzman v. Steinberg,* 638 S.W.2d 171, 175 (Tex.App.-Dallas 1982, no writ) (concluding that: "[c]ourts cannot make contracts for the parties and an agreement to enter into negotiations in the future cannot be enforced because the court has no means to determine what sort of contract the negotiations would have produced."). Finally, Burnside asserts that in order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook. *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (citing *Bendalin v. Delgado,* 406 S.W.2d 897, 899 (Tex.1966)).

■ We have ascertained from the case law that, contrary to Burnside's position,

the failure to specify a price does not necessarily render the contract so indefinite as to be unenforceable. In *Bendalin* the court concluded:

> Where the parties have done everything else necessary to make a binding agreement for the sale of goods or services, their failure to specify the price does not leave the contract so incomplete that it cannot be enforced. In such a case it will be presumed that a reasonable price was intended.

*Id.* at 900. Thus, in *Bendalin,* the court held that the absence of an express agreement as to price was not fatal to the maintenance of an action for specific performance in the sale of stock. *Id.* In *Bendalin,* as here: (1) the parties had done everything necessary to make a binding agreement and (2) one of the parties had fully performed its obligations under the contract. In the case before us, there was evidence that Smith hired Young to find a manager, that Young did so, and Burnside indicated his acceptance of the manager by hiring him. Under the authority of *Bendalin,* even if the parties did not specifically agree on a price, a reasonable price could be supplied. *See also Pennington v. Gurkoff,* 899 S.W.2d 767, 770 (Tex.App.-Fort Worth 1995, writ denied) (holding that where there was an agreement to hire an expert witness, but no agreement regarding his fee, the witness could recover a reasonable fee for his services). The record reflects testimony that the fees charged by Young were the usual and customary fees charged in the industry and were reasonable.

After reviewing all of the evidence, we conclude that the court's finding of a contract between Burnside and Young for Young's personnel services, and that the contract provided an agreement to pay Young a fee which amounted to $18,500.00, was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain,* 709 S.W.2d at 176. Therefore, we conclude there was factually sufficient evidence to support the court's finding.

Now, we address Burnside's claim that recovery under a contract and recovery under a theory of quantum meruit are mutually exclusive, citing *Woodard v. Southwest States, Inc.,* 384 S.W.2d 674, 675 (Tex.1964). In this regard, Burnside argues that the court's holding regarding quantum meruit irreconcilably conflicts with its holding regarding the existence of a contract.

The court's second finding, as to quantum meruit, begins "Even if the contract failed." It is clearly framed in the alternative and is not inconsistent with the court's finding that there is an enforceable contract. Burnside has not cited any case law that precludes us from accepting the court's findings.

Because we conclude that the trial court's finding of a contract was supported by legally and factually sufficient evidence, it is not necessary to reach Burnside's points regarding the legal and factual sufficiency of the evidence regarding Young's recovery based on a theory of quantum meruit. Burnside's first two issues are resolved against him.

### AGENCY

In its third issue, Burnside complains of the trial court's fourth finding that Smith became Burnside's agent for the purposes of using a personnel agency to hire an operations manager. Burnside argues that the evidence is legally and factually insufficient to support two particular elements of agency: (1) the principal's right to assign the agent's task; and (2) the principal's right to control the means and details of the process used to accomplish the assigned task.

The party asserting the agency relationship has the burden of proving its existence. *Spangler v. Jones,* 861 S.W.2d 392, 396–397 (Tex.App.-Dallas 1993, writ denied). However, an agency relationship does not depend upon express appointment or assent by the principal; rather, it may be implied from the conduct of parties under the circumstances. *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992). "An 'agent' is one who is authorized by another to transact business or manage some affair." *Grace Cmty. Church v. Gonzales,* 853 S.W.2d 678, 680 (Tex.App.-Houston [14th Dist.] 1993, no writ). One of the elements of an agency relationship is the principal's right to control the agent in carrying out the assigned task. *Spangler,* 861 S.W.2d at 396.

Of course, if there is more than a scintilla of evidence in support of the finding of agency the legal sufficiency challenge fails. *Cont'l Coffee Prods. Co.,* 937 S.W.2d at 450. If the finding of agency is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, the factual sufficiency challenge fails. *Cain,* 709 S.W.2d at 176. "[W]e may not substitute our judgment for the fact finder's . . . This is so because the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Ashcraft,* 952 S.W.2d at 910.

The record includes testimony that Burnside requested Smith to act on his behalf in contacting an employment agency to help Burnside hire an operations manager. Smith was to conduct the initial interviews with any candidates the employment agency referred, but Burnside retained control by reserving for himself the final hiring decision.

Burnside cites the testimony of Smith that he considered his contacts with the employment agency to be in the nature of a referral for a client, and his own testimony of Burnside that he never authorized Smith to engage anyone for a fee to find an operations manager. Despite Smith's characterization of the transaction, there is evidence supporting the conclusion that Burnside authorized Smith to act on his behalf in retaining an employment agency, and that the only dispute concerned the amount of the agency's fee.

After reviewing the evidence supporting the court's finding and the evidence as a whole, we conclude that there is more than a scintilla of evidence to support the court's finding that there was an agency relationship and such finding is not contrary to the overwhelming weight of the evidence so as to be clearly wrong or unjust. *Cain,* 709 S.W.2d at 176. Burnside's third issue is resolved against it.

### REASONABLENESS OF ATTORNEYS' FEES

In its fourth issue, Burnside challenges the trial court's findings regarding the amount of the attorneys' fees for appellees Young and Smith. Specifically, Burnside claims legal and factual insufficiency of the evidence to support a finding that Young's attorney's fees are reasonable. Additionally, in its fourth issue Burnside claims that findings as to Cross–Plaintiff Smith's attorney's fees are unsupported by legally and factually sufficient evidence and there is no statutory basis for the recovery of Smith's attorney's fees.

### A. YOUNG'S ATTORNEY'S FEES

Burnside argues that the evidence supporting Young's attorney's fees is legally and factually insufficient because Young failed to address all of the factors allegedly required in the determination of whether a fee is reasonable, and because Young failed to segregate the amount of time spent between the two defendants. Appellee Young claims entitlement to attorney's fees pursuant to TEX. CIV. PRAC. & REM.CODE

ANN. § 38.001 (Vernon 1997) which provides that a person may recover reasonable attorney's fees in addition to the amount of a valid claim if the claim is one of several specifically listed types, including an oral or written contract.

■■■ To determine the reasonableness of an attorney's fee, the Texas Supreme Court has set out the following factors which the factfinder should consider:

(1) the time and labor required, ...

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) citing TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9). Burnside argues that Young's evidence failed to address these enumerated factors.

In support of its position that the required factors have not been addressed factually, Burnside cites *Braswell v. Bras-*

*well,* 476 S.W.2d 444, 446 (Tex.Civ.App.-Waco 1972, writ dism'd w.o.j.). In *Braswell,* the court was presented evidence on each of the factors listed in *Arthur Andersen,* and the court observed that these are the factors, among others, that the factfinder may properly consider in deciding the reasonable value of legal services. *Id.* at 446. However, we have determined that the courts of Texas do not unanimously hold that evidence on each of these factors must be in the record to uphold an award of attorney's fees. *See, e.g. Hagedorn v. Tisdale,* 73 S.W.3d 341, 353 (Tex. App.-Amarillo 2002, no pet.);[2] *Academy Corp. v. Interior Buildout & Turnkey Const., Inc.,* 21 S.W.3d 732, 742 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (evaluating legal sufficiency of evidence of attorneys' fees); *see also Aquila Southwest Pipeline v. Harmony Exploration, Inc.,* 48 S.W.3d 225, 240–41 (Tex.App.-San Antonio 2001, pet. denied) citing *Arthur Andersen,* 945 S.W.2d at 818.

■■■ The court in *Hagedorn* stated the longstanding rule that: "The amount of an award of attorney's fees is within the discretion of the trial court." *Id.* at 353. Also, that court concluded:

While these are factors that may be considered, the court is not required to receive evidence on each of those factors. The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties.

*Id.* Accordingly, we conclude that although the factors outlined in *Arthur Andersen*

---

2. The court held that the evidence of the amount of the attorneys' fees was legally and factually sufficient despite attorney's failure to offer evidence of time spent defending claims, of fees customarily charged in the locality for similar legal services, of time limitations imposed upon counsel by the client, or evidence that he was precluded from other employment by the representation.

are the factors we take into consideration when reviewing the sufficiency of the evidence of the reasonableness of attorneys' fees, it is not mandatory that the record include evidence on each and every factor described in *Arthur Andersen.*

The evidence in the record respecting Young's attorney's fees was limited to the testimony by Young's attorney. After testifying to his experience and expertise, Young's attorney testified to the total number of hours he would have spent on the case before and during trial assuming that the trial ended at 5:00 that day. He testified that at a rate of $250 per hour for 72 hours, the total attorney's fee would be $18,000.00. Young's attorney testified further that he was familiar with the legal services necessary to prepare and try this type of case, and that this fee was reasonable based upon the work involved. He also testified that the amount of time necessary to prepare the case was increased by the fact that there were two defendants, three summary judgments, and three deposition sessions.

■■■■■ As part of its attack, Burnside complains of Young's failure to itemize separately the amount of fee attributable to representation against each defendant. However, the law does not support Burnside's position. "A party seeking attorney's fees must show that the fees were incurred on a claim that allows recovery of such fees, and thus is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." *Stewart Title Guar. Co. v. Aiello,* 941 S.W.2d 68, 73 (Tex.1997). However, when the claims are "dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims." *Id.* citing *Stewart Title Guar. Co., v. Sterling,* 822 S.W.2d 1, 10

(Tex.1991). Young's attorney testified that he had kept track of his hours by making notes on the inside of the file folder, and further that the work as to the two defendants was too interrelated to segregate. Although Young's attorney did not testify to all of the factors listed in *Arthur Andersen,* he did testify regarding the amount of time and labor involved, including the difficulty of the questions involved; the customary fee he charges for a case of this type; and his expertise. We conclude that there was legally and factually sufficient evidence to support the court's conclusion that $19,000.00 was a reasonable attorney's fee, and the court's finding was not clearly wrong and unjust.

### B. SMITH'S ATTORNEY'S FEES

■■■■ Burnside complains that the evidence is legally and factually insufficient to support the court's award of Smith's attorney's fees, and that there is no statutory basis for recovery of such fees. Smith responds that his entitlement to attorney's fees is premised on equity, or pursuant to section 38.001 TEX. CIV. PRAC. & REM.CODE ANN. (Vernon 1997).

■■■■ The general rule provides that, unless authorized by contract or statute, attorney's fees are generally not recoverable. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992). However, some courts have allowed recovery of attorney's fees as damages based on equitable principles. *See, e.g., Lesikar v. Rappeport,* 33 S.W.3d 282, 306 (Tex.App.-Texarkana 2000, pet. denied); *Baja Energy, Inc. v. Ball,* 669 S.W.2d 836, 838 (Tex. App.-Eastland 1984, no writ). The recovery in such a case is based on equitable grounds because the claimant was required to prosecute or defend litigation as a consequence of the wrongful act of the defendant. *See Lesikar,* 33 S.W.3d at 306. This exception to the general rule applies:

when the wrongful act or contractual violation involves the claimant in litiga-

tion with third parties and forces the claimant to incur expenses to protect his interests. Such costs and expenses, including attorneys' fees, are treated as the legal consequence of the original wrongful act and are permitted to be recovered as damages. *Baja,* 669 S.W.2d at 838. Under this equitable exception, Smith would be entitled to recover his fees as damages because he was required to defend himself from Young because of Burnside's wrongful refusal to pay Young's fee. However, this Court has declined to follow this doctrine as expressed in *Baja. Peterson v. Dean Witter Reynolds, Inc.,* 805 S.W.2d 541, 549 (Tex.App.-Dallas 1991, no writ). Therefore, Smith's reliance on this doctrine is misplaced.

Smith also asserted his right to attorney's fees under TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8), (1) and (2) (Vernon 1997). He argues that he and Burnside had an informal agreement that Burnside would pay Young's fee. Thus, Smith argues that its claim against Burnside is an action on an informal agreement within the meaning of section 38.001(8), or an action on a claim for services rendered within the meaning of 38.001(1), or labor performed within the meaning of 38.001(2). Section 38.001 provides that a person may recover reasonable attorney's fees in addition to the amount of a valid claim and costs.

The court found that Smith was entitled to recover its attorney's fees from Burnside because he was "sued for what was only his principal's responsibility." However, the claim described by the court is not a claim enumerated in the statute which affords a legal basis for recovery of attorney's fees. Moreover, Smith's argument that his action falls within either sections 38.001(1), (2) or (8) is inconsistent with the trial court's finding. The trial court's finding, not Smith's argument, is what we must scrutinize to determine if attorney's fees are statutorily authorized. Accordingly, we agree with Burnside that there is no statutory basis for Smith's recovery of attorney's fees.

Burnside's fourth issue on appeal is decided adversely to it as to Young's attorney's fees. However, as to Smith's attorney's fees, we conclude that Burnside's issue should be decided favorably.

CONCLUSION

We have concluded that there was legally and factually sufficient evidence to support the trial court's findings that: there was a contract between Burnside and Young at an agreed price of $18,500.00; that Smith was Burnside's agent for the purposes of entering into such contract; and that Young's attorney's fees were recoverable and that the amount of such fees was reasonable. However, we have concluded that Smith's attorney's fees were not recoverable. Accordingly, we reverse the court's Final Judgment solely as to Smith's attorney's fees, and render judgment that Smith not recover its attorney's fees from Burnside. The court's Final Judgment is affirmed in all other respects.