Opinion issued July 17, 2008
















 

In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00116-CV






AMERICAN INTERNATIONAL INDUSTRIES, INC., Appellant 


V.


SURGICARE, INC., Appellee






On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No. 20867






MEMORANDUM OPINION


 Appellant, American International Industries, Inc. ("AII"), appeals the
judgment of the trial court awarding appellee, Surgicare, Inc. ("Surgicare"),
$60,613.50 as attorney's fees and $3,420 as expenses in the underlying lawsuit
between Vincent Giammalva and Surgicare, LeBlanc, and Scott. (1) In four issues, AII
argues that (1) Surgicare failed to provide evidence that the attorney's fees awarded
by the trial court were reasonable; (2) the trial court erred in admitting a summary of
Surgicare's invoices for legal services; (3) the evidence did not support the amount
of attorney's fees as awarded; and (4) the trial court erred in awarding attorney's fees
on appeal.

 We affirm the judgment of the trial court.

Background

 In 2003, Surgicare and Giammalva entered into an earnest money contract for
the sale of a piece of property located in Chambers County, Texas. However, the
holder of the Deed of Trust lien on the Chambers County property did not grant a
partial release of the lien on the property, as Surgicare had originally anticipated, and
Surgicare was unable to fully perform under the earnest money contract. Giammalva
filed a lawsuit against Surgicare on November 20, 2003.

 In June 2004, Surgicare and AII entered into a separate agreement in which
Surgicare agreed to sell five properties, one of which was the Chambers County
property that was subject to the suit with Giammalva, to AII. Surgicare asserted that,
as part of that transaction and in several other related agreements, AII agreed to
indemnify Surgicare for attorney's fees and expenses incurred in the lawsuit with
Giammalva. On March 28, 2005, Surgicare filed a cross-action against AII seeking
contractual contribution and indemnity under its various agreements with AII.

 On March 31, 2005, Giammalva amended his petition to add AII as a defendant
in his suit against Surgicare. AII filed a general denial of any claims against it on
May 13, 2005. On November 21, 2005, the trial court granted partial summary
judgment in favor of Giammalva, and AII and Giammalva eventually reached a
settlement agreement. All of Giammalva's claims were dismissed with prejudice,
leaving only Surgicare's claim for indemnity from AII pending before the trial court.

 On January 6, 2006, Surgicare filed a motion for summary judgment on its
indemnity claim against AII. The trial court granted Surgicare's motion for summary
judgment, ordering that AII was liable to indemnify Surgicare for any loss, liability
or judgment in the Giammalva case, including "its reasonable and necessary
attorney's fees and expenses associated with this claim." The trial court's order on
Surgicare's motion for summary judgment also stated that the order "[did] not dispose
of the issue of the amount of reasonable and necessary attorney's fees and expenses
to which Surgicare is entitled to be indemnified by [AII], which issue is expressly
reserved."

 On March 21, 2006, AII and Surgicare appeared before the trial court to
establish the proper amount of the "reasonable and necessary attorney's fees" for
which Surgicare was entitled to be indemnified by AII. Surgicare presented the
testimony of Jana Woelfel, Surgicare's counsel of record throughout the Giammalva
case and a partner at the law firm that provided legal counsel to Surgicare and its
officers throughout the entire Giammalva matter. Surgicare also presented invoices
and other documents relating to the people and labor involved in providing legal
counsel for it during the Giammalva case. AII presented the testimony of Jerry
Shutza, counsel of record for AII.

 The trial court signed its final judgment November 13, 2006, awarding
Surgicare $60,513.50 as reasonable and necessary attorney's fees, $3,420.00 as
reasonable and necessary expenses, post-judgment interest in the amount of 8.25%
to be compounded annually, and $17,500 as reasonable and necessary attorney's fees
in the event of an unsuccessful appeal by AII.

Admission of Summary of Fees and Expenses

 In its second issue, AII claims that the trial court erred in admitting Surgicare's
summary of fees and expenses because it failed to present the proper predicate for the
introduction of a summary.

 Standard of Review

 The admission of documents that summarize other documents is controlled by
Texas Rule of Evidence 1006, which states:

The contents of voluminous writings, recordings, or photographs,
otherwise admissible, which cannot conveniently be examined in court
may be presented in the form of a chart, summary, or calculation. The
originals, or duplicates, shall be made available for examination or
copying, or both, by other parties at a reasonable time and place. The
court may order that they be produced in court.


Tex. R. Evid. 1006. In reviewing the trial court's decision to admit a summary, we
determine whether the trial court abused its discretion by ruling without regard for
any guiding rules and principles. C.M. Asfahl Agency v. Tensor, Inc., 135 S.W.3d
768, 799 (Tex. App.--Houston [1st Dist.] 2004, no pet.) (citing Owens-Corning
Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998)).

 Analysis

 AII argues that the trial court erred in admitting Surgicare's summary of the
fees and expenses it incurred in connection with the Giammalva case. AII argues that
Surgicare failed to show that the contents of the documents being summarized were
voluminous and that they had been presented to AII.

 Before seeking to admit the summary, Woelfel testified as follows:

This is a summary listing from our [firm's] accounting system in
connection with this file[.] [I]t is a summary sheet that I presented
yesterday that concerns this case that contains summary data that will
help me answer your questions more quickly and efficiently as opposed
to the invoices and going through and running totals with a calculator.


AII objected:

Your Honor, I have not seen this before. I object if this is a summary. 
They have failed to lay a predicate for the introduction of a summary.


If they have the documents that form the basis, they . . . need to offer
those documents, I think. Those are the documents provided to us
previously which we are more familiar with.


The trial court overruled AII's objection, stating, "If the documents are present in the
court, a summary is admissible." Surgicare affirmed that the documents that formed
the basis of the summary were in the courtroom.

 Woelfel's testimony that using the summary would allow her to answer
questions "more quickly and efficiently" than if she had to testify from the invoices
and the fact that the trial court was already aware from the pleadings and prior
motions of the parties that Woelfel would be testifying about the expenses and fees
billed to Surgicare by its legal counsel over a period of time that stretched from the
2003 agreement with Giammalva until the time of trial in March 2006 were sufficient
for the trial court to conclude that the invoices were voluminous and could not be
conveniently examined in court. See Tex. R. Evid. 1006. Furthermore, the transcript
clearly reflects that AII had the opportunity to review both the summary and the
invoices that formed the basis of the summary. The invoices were present in the
courtroom, and counsel for AII even stated that the invoices were provided to it
earlier and that AII was "more familiar with" the invoices. Therefore, the trial court
did not abuse its discretion in admitting the summary of the invoices reflecting the
fees and expenses billed to Surgicare in connection with the Giammalva case. See
C.M. Asfahl Agency, 135 S.W.3d at 799-800.

 We overrule AII's second issue.

Evidence on Award of Attorney's Fees

 In its first, third, and fourth issues, AII claims that Surgicare failed to provide
evidence of the reasonableness of the attorney's fees awarded, that the evidence did
not support the amount of attorney's fees awarded by the trial court, and that
Surgicare failed to present any evidence on the reasonableness of attorney's fees on
appeal.

 As a preliminary matter, we note that AII's arguments in its brief raise several
points questioning the trial court's interpretation of the indemnity agreements and the
correctness of the trial court's ruling that AII was liable to idemnify Surgicare for its
attorney's fees and expenses relating to the entirety of the Giammalva case. 
Specifically, AII makes a cursory argument that the agreements between AII and
Surgicare released AII from liability and limited AII's obligation to indemnify
Surgicare for attorney's fees to those which accrued after July 27, 2004. However,
the existence and extent of AII's obligation to indemnify Surgicare for attorney's fees
and expenses were settled in the trial court's February 2, 2006 order, in which the
trial court ruled that AII owed defense and indemnity to Surgicare "for any loss,
liability, judgment or settlement attributable to or had against [Surgicare] in the
pending matter, including this Court's judgment . . . awarding attorney's fees and
expenses to [Giammalva], against Defendants [including AII and Surgicare] jointly
and severally," and including an order that AII was specifically "liable in all respects
to pay [Surgicare] its reasonable and necessary attorney's fees and expenses
associated with [the Giammalva] claim."

 On appeal, AII does not complain of the trial court's February 2, 2006 order
establishing that it is liable for all of Surgicare's attorney's fees connected with the
Giammalva case, and does not properly brief this Court on those issues. Therefore,
we do not consider them. See Tex. R. App. P. 38.1(h) (requiring an appellant's brief
to contain a "clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record"); see also McCoy v. Rogers, 240 S.W.3d
267, 272 (Tex. App.--Houston [1st Dist.] 2007, pet. denied) ("[W]e may not grant
relief unless the party asserting error provides argument and supporting authorities.").

 Standard of Review

 We review a trial court's granting of attorney's fees for an abuse of discretion. 
Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion
when it acts arbitrarily and unreasonably and without reference to guiding rules and
principles. Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). The legal and factual sufficiency of the evidence are not independent grounds
of error in an abuse-of-discretion standard case, though they are relevant factors in
assessing whether the trial court abused its discretion. Miles v. Peacock, 229 S.W.3d
384, 388-89 (Tex. App.--Houston [1st Dist.] 2007, no pet.); see also Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Johnson v. Oliver, 250 S.W.3d 182,
187 (Tex. App.--Dallas 2008, no pet.) (applying this standard to award of attorney's
fees). Any award of attorney's fees must be supported by competent evidence. 
Ajudani v. Walker, 232 S.W.3d 219, 225 (Tex. App.--Houston [1st Dist.] 2007, no
pet.).

 The Texas Supreme Court has stated the following factors for courts to consider
when determining whether attorney's fees are reasonable: (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill required
to perform the legal services properly; (2) the likelihood that the acceptance of the
particular employment will preclude other employment by the lawyer; (3) the fee
customarily charged in the locality for similar legal services; (4) the amount involved
and the results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with the
client; (7) the experience, reputation, and ability of the lawyer or lawyers performing
the service; and (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been rendered. Arthur
Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex.
Disciplinary R. Prof'l Conduct 1.04, reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G app. A (Vernon 2005 & Supp. 2007) (Tex. State Bar R., art. X, § 9)). A
court is not required to receive evidence on all of the factors. Burnside Air
Conditioning & Heating, Inc. v. T. S. Young Corp., 113 S.W.3d 889, 897-98 (Tex.
App.--Dallas 2003, no pet.).

 Analysis

 In its first and third issues, AII argues that Surgicare did not provide evidence
that demonstrated the reasonableness of the attorney's fees awarded or that supported
the amount of attorney's fees awarded by the trial court. At trial, Surgicare presented
the testimony of Woelfel, who testified about her own level of experience and that of
the other lawyers who worked with her on the Giammalva case. She testified to the
various aspects of the case that were handled by lawyers at her firm, including
property and transactional issues and litigation issues. Woelfel also testified that the
lawyers at her firm generally billed clients between $175 and $350 per hour,
depending on their experience level, but that Surgicare was billed at special, reduced
rates because a large amount of its legal work was handled by the firm. Woelfel also
testified to some specific circumstances relating to discovery that made the
representation of Surgicare more difficult and costly.

 Surgicare also presented documents, including several invoices and summaries
that were sent directly to AII's legal counsel and the summary discussed above, which
summarized the total amount billed to Surgicare in connection with the Giammalva
case. The summary stated that Surgicare had been billed $63,471 in fees and
$3,420.20 in expenses as of March 20, 2006. The summary also reflected that
Surgicare's legal representation had reported $3,965.50 in fees and $324.48 in
expenses that had not yet been billed. Additionally, Woelfel estimated that
representation of Surgicare in preparing and conducting the March 21, 2006 trial on
attorney's fees would cost approximately $6,750 in fees. Woelfel testified that her
firm had billed Surgicare for a total amount just under $78,000 in connection with the
Giammalva litigation.

 On cross-examination, counsel for AII specifically questioned Woelfel about
a 4.8 hour time entry by a lawyer at the firm, and Woelfel conceded that part of the 4.8
hours was not attributable to the litigation in question. AII did not question any other
specific entries. (2)

 Shutza, counsel for AII, testified that, in his opinion, Surgicare had been billed
for too many hours, that rates of $175 to $350 an hour were excessive, and that the
total cost for Surgicare's representation should have been between $12,000 and
$15,000. Shutza gave general testimony regarding his understanding that other firms
did not charge as much as the firm representing Surgicare, but he did not provide any
specific names or rates or any other evidence. Shutza also suggested that the
discovery difficulties mentioned by Woelfel were not his client's fault.

 Based on this evidence, the trial court made the following findings of fact on
November 13, 2006:

18. Surgicare incurred approximately $40,000 in reasonable and
necessary attorney's fees and expenses through October 2005[.]


19. Surgicare incurred an additional approximately $15,000 in
reasonable and necessary attorney's fees and expenses through January
2006 when Giammalva's amended motion for summary judgment was
heard, as was Surgicare's motion for summary judgment on the
indemnity issue[.]


24. During the trial regarding the reasonableness and necessity of
attorney's fees to award to [counsel for Surgicare], counsel for AII did
not point the Court to any time entries he contended were double entries.


25. During the trial regarding the reasonableness and necessity of
attorney's fees to award to [counsel for Surgicare], counsel for AII did
not point the Court to specific time entries that were attributable to
another matter with the exception of one part of one time entry.


26. During the trial regarding the reasonableness and necessity of
attorney's fees to be awarded to [counsel for Surgicare], counsel for AII
did not present competent evidence of the hourly rates charged by similar
firms, handling similar litigation matters.


27. During the trial regarding the reasonableness and necessity of
attorney's fees to award to [counsel for Surgicare], counsel for AII did
not point the Court to any activities contained within [counsel for
Surgicare's] time entries which AII contended were unnecessary.The trial court also made the following conclusions of law:

42. Surgicare presented competent evidence, including the testimony of
Ms. Jana Woelfel, time records and various documents contained within
the trial record of this matter, regarding the reasonableness and necessity
of the attorney's fees and expenses it seeks.


43. The evidence presented by Surgicare conclusively establishes that
the fees hereinafter awarded to Surgicare by the Court are reasonable and
necessary.


44. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the time and labor required, the
novelty and difficulty of the questions involved, and the skill required to
perform the legal service properly.


45. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the likelihood that the acceptance of
the particular employment will preclude other employment by the lawyer.


46. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the fee customarily charged in the
locality for similar legal services.


47. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the amount involved and the results
obtained.


48. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the time limitations imposed by the
client or by the circumstances.


49. The fees hereinafter awarded to Surgicare by the Court are
reasonable and necessary based on the experience, reputation, and ability
of the lawyer or lawyers performing the services. The trial court's conclusions of law indicated that it found Surgicare's
attorney's fees reasonable and necessary based on the evidence of the time and labor
required, the novelty and difficulty of the questions involved, the skill required to
perform the legal services properly, the likelihood that the particular employment
precluded the lawyers involved from seeking other employment, the fee customarily
charged in the locality for similar services, the amount involved and the results
obtained, the time limitations imposed by the client or by the circumstances, and the
experience, reputation, and ability of the lawyers performing the services. The trial
court's conclusions were all supported by Woelfel's testimony regarding the nature
of the controversy and legal services required by Surgicare and by the documentary
evidence that Surgicare was billed at least $63,471 in fees and $3,420.20 in actual time
and labor. The trial court addressed six of the eight factors listed in Arthur Anderson
and awarded Surgicare $60,613.50 in fees and $3,420 in expenses--amounts that are
clearly supported by the evidence. See Arthur Andersen & Co., 945 S.W.2d at 818;
see also Burnside Air Conditioning & Heating, 113 S.W.3d at 897-98 (holding that
a court is not required to consider every factor). Furthermore, the trial court was
permitted to "look at the entire record, the evidence presented on reasonableness, the
amount in controversy, the common knowledge of the participants as lawyers and
judges, and the relative success of the parties" in making its decision to award
attorney's fees. See Burnside Air Conditioning & Heating, 113 S.W.3d at 897.

 In its fourth issue, AII makes a cursory argument that the trial court erred in
awarding Surgicare $17,500 in attorney's fees in the event of an unsuccessful appeal
by AII because Surgicare did not present any evidence of the reasonableness of
attorney's fees on appeal. However, Surgicare had already presented the trial court
with evidence of the novelty and difficulty of the questions involved, the skill required
to perform the legal services properly, the hourly billing rate charged by its counsel,
and the experience, reputation, and ability of the lawyers performing the services, and
it had asserted that $35,000 would be a reasonable amount of attorney's fees in the
event of an appeal. See Arthur Andersen & Co., 945 S.W.2d at 818. Again, the trial
court also was permitted to consider "the common knowledge of the participants as
lawyers and judges." See Burnside Air Conditioning & Heating, 113 S.W.3d at 897.

 The record reflects that the trial court considered the Arthur Anderson factors
in determining the reasonableness and necessity of the amount of attorney's fees
awarded in this case. The record also reflects that the trial court's award of attorney's
fees was based on competent evidence. See Ajudani, 232 S.W.3d at 225. Therefore,
the trial court did not abuse its discretion in determining that Surgicare was owed
reasonable and necessary attorney's fees of $60,613.50, plus $17,500 in the event of
an unsuccessful appeal by AII, and expenses of $3,420. See Bocquet, 972 S.W.2d at
21.

 We overrule AII's first, third, and fourth issues.

Conclusion

 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.
1. The underlying lawsuit is Vincent Giammalva, Trustee v. Surgicare, Inc., et al., No. 
20867 in 334th District Court of Chambers County.
2. AII complains for the first time on appeal about Surgicare's inclusion of invoices
submitted to Orion Healthcorp, Inc. on the ground that they are billings to an
"unrelated" party. Because this issue was not raised in the trial court, it is waived on
appeal. See Tex. R. App. P. 33.1(a). We note that Woelfel testified at trial that Orion
Healthcorp, Inc. was the successor of Surgicare.