*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## OPINION

No. 04-08-00468-CV

Dennis **WILKERSON**,
Appellant

v.

**ATASCOSA WILDLIFE SUPPLY,**
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 04-01-0065-CVA
Honorable Stella H. Saxon, Judge Presiding

Opinion by:      Steven C. Hilbig, Justice

Sitting:         Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  November 18, 2009

AFFIRMED

Dennis Wilkerson filed a limited appeal on the sole issue of whether the trial court erred in including fees for an attorney's travel time in the attorney's fees award. We hold the trial court did not err and affirm the judgment.

BACKGROUND

This dispute over attorney's fees arises from a suit by Atascosa Wildlife Supply against Wilkerson for the failure to pay a debt for corn feed and damage to a rented trailer. Atascosa Wildlife Supply sought attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code. The case was tried to a jury on all issues except attorney's fees, which the parties agreed to have determined by the trial court. The judgment awarded $6,275.00 in damages and $20,312.50 in attorney's fees in favor of Atascosa Wildlife Supply. Wilkerson contends the trial court erred in including $5,500.00 for travel time in the attorney's fee award, arguing there is no legal authority and no evidence to support the award.

DISCUSSION

Many jurisdictions permit attorneys to recover fees for travel time, although most have not permitted a full recovery.[1] The parties have not cited nor have we discovered any Texas case that precludes the recovery of fees for an attorney's travel time. Atascosa Wildlife Supply cited one Texas case that allowed the inclusion of full travel time in the attorney's fees award. *See Prestwood v. Settle*, No. 03-07-00111-CV, 2008 WL 537159, at *9 (Tex. App.—Austin February 28, 2008, pet. denied). The question of whether attorney's fees for travel time are recoverable was not directly raised in

_____

[1] *See e.g.*, *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008)(affirming compensation of travel time at half-rate in FSLA case, "in accordance with established [Second Circuit] custom"); *In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008)(evaluating Fifth Circuit precedent from various types of cases and concluding as a general rule that "it is not an abuse of discretion to discount non-working (and even working) travel time"); *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 426 F.3d 694, 711 (3d Cir. 2005)(travel time is compensated as part of attorney's fees and costs based on the prevailing rate in the forum of the litigation.); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993)(affirming district court's decision to discount hourly rate billed for travel time, in a Voting Rights Act case); *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984)(reasonable attorney's fees presumptively include reasonable travel time billed at same hourly rate as normal working time); *Colbert v. Furumoto Realty, Inc.*, 144 F.Supp.2d 251, 261 (S.D.N.Y. 2001)(explaining that travel time may be fully reimbursed if the moving party submitted an affidavit stating that work was accomplished during that time); *Jennette v. City of New York,* 800 F.Supp. 1165, 1170 (S.D.N.Y. 1992)(reducing attorneys's fees by 50% for travel time because time spent in transit is not as productive as time at the office or in court.").

*Prestwood*, rather, the issue was only whether the total fee award was reasonable. The attorney testified his $1,000 fee was reasonable and necessary in the case based on work he actually performed, including the time he spent commuting to Travis County, which he used to practice his argument for the scheduled hearing. *Id.* The court concluded the trial court did not commit error in awarding attorney's fees. *Id.*

The factors a fact finder should consider when determining the reasonableness of a fee include: the time, labor, and skill required to properly perform the legal service; the novelty and difficulty of the questions involved; the customary fees charged in the local legal community for similar legal services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyer performing the services. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). There does not need to be evidence on all these factors in order to support an attorney's fees award. *See Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897-98 (Tex. App.—Dallas 2003, no pet.). The trial court can also look at the entire record and the common knowledge of the participants as lawyers and judges, and the relative success of the parties when determining reasonable and necessary attorney's fees. *Id.* at 897.

The amount of an attorney's fees award rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *See AMX Enters., L.L.P. v. Master Realty Corp.,* 283 S.W.3d 506, 516 (Tex. App.—Fort Worth 2009, no pet.); *Bair Chase Prop. Co., LLC v. S & K Dev. Co.,* 260 S.W.3d 133, 138 (Tex. App.—Austin 2008, pet. denied); *Alford v. Johnston*, 224 S.W.3d 291, 298 (Tex. App.—El Paso 2005, pet. denied). Abuse of discretion occurs when the trial court acted without reference to any guiding rules and principles. *Cire v.*

*Cummings*, 134 S.W.3d 835, 839 (Tex. 2004). A trial court's award of attorney's fees can be set aside only if it was arbitrary or unreasonable. *Id.*

The trial court took judicial notice of the court's file and the affidavit of Gilbert Adams, Atascosa Wildlife Supply's attorney. Adams's affidavit detailed the time expended and the corresponding activities conducted on the underlying lawsuit. Adams states in his affidavit that his fees for travel time were reasonable and necessary considering the distance traveled and were required in connection with the prosecution of this lawsuit.

Adams also testified before the trial court. Adams testified he represented Atascosa Wildlife Supply since the inception of its claim against Wilkerson in 2003 and that his employment for Atascosa Wildlife Supply in the underlying litigation precluded him from other employment. Adams also testified the customary fee for commercial litigation is $300 an hour for cases such as this and he charged $250 an hour. Adams sought compensation for eighty-one and a quarter hours incurred in prosecuting this case to judgment. He testified that although he only sought fees for twenty-two hours of travel time, he actually spent forty hours traveling on case related matters. Adams itemized four hours for the time he was traveling as a passenger and actively working on the case. Adams testified that during thirty-six hours, he was not actively working on the case, he was only driving. Accordingly, he sought fees for only one-half of those hours.

## CONCLUSION

The trial court did not abuse its discretion in awarding attorney's fees for travel time in light of the evidence and the factors considered in making such an award. The travel time was reduced for the time when Adams was not actively working on case related matters. There is nothing in the record

to indicate the trial court's decision to include Adam's travel time in the attorney's fees award was unreasonable or arbitrary. The judgment is affirmed.


Steven C. Hilbig, Justice